Larry E. **GOOD** and Kathleen Good, a/k/a Eva Kathleen Good, Relators,

v.

**CLINTON CIRCUIT COURT** and the Honorable Jack R. O'Neill, as Judge thereof, Federal Land Bank of Louisville, Clinton County Farm Bureau Cooperative Association Credit Union, and John D. Hoover, Respondents.

No. 12S00–8611–OR–969.

Supreme Court of Indiana.

Feb. 23, 1987.

Robert L. Bauman and Debra A. Stutzman, Gambs, Mucker, Bauman & Seeger, Lafayette, for relators.

John E. Bator and Paul D. Ludwig, for Federal Land Bank of Louisville, Cohen, Malad & Hahn, Indianapolis, Richard Martin, Miller & Martin, Frankfort, for Clinton County Farm Bureau Cooperative Ass'n. Credit Union.

PIVARNIK, Justice.

On November 12, 1986, Relators (hereinafter, Goods) filed their Verified Petition for Alternative Writ of Mandamus and/or Prohibition requesting this Court to order Respondent to grant Goods' Motion for Change of Venue and, further, to refrain from exercising further jurisdiction.

This Court heard arguments of the parties on November 12, 1986, and granted a temporary writ. This Opinion is published in explanation of that ruling.

The facts show that on September 15, 1986, Plaintiff, the Federal Land Bank of Louisville, and Intervenor Plaintiff, Clinton County Farm Bureau Cooperative Association Credit Union, filed complaints against the Goods and other defendants. Both complaints involved promissory notes. In the case of the Federal Land Bank, a mortgage was involved, and in the case of the Clinton County Farm Bureau Cooperative Association Credit Union, a security interest was involved. The Federal Land Bank of Louisville sought foreclosure of its mortgage and also filed for a temporary restraining order without notice and the appointment of a receiver without notice. These orders were entered by the trial court. On September 17, 1986, summons were returned showing service upon each of the Goods.

On September 23, 1986, the Goods filed the Motion to Dismiss which is at the heart of this dispute. The Motion to Dismiss was filed *pro se* by Larry E. Good and was also filed on behalf of Eva Kathleen Good. The motion was titled, "Motion to Dismiss Both Plaintiffs and Intervenors Complaint." The first paragraph of the motion states it was filed, "to answer the complaints filed in this court by both the Plaintiff and the Intervenor Plaintiff...." The motion informed the court that the Goods were no longer in possession of their farm as it was donated to the Universal Life Church, Inc., of Modesto, California. The motion also stated the Goods failed to understand the reason for the Clinton County Farm Bureau action as the note they signed was not due and payable until April 9, 1987. The motion closed by stating: "In view of the above facts, Defendants hereby move the court to dismiss with prejudice the above cause of action. Failing that, the Defendants hereby request a trial by jury in this matter. S/Larry E. Good, Attorney Pro Se." On September 24, 1986, the trial court held a hearing on the motion and made the following entry:

"Parties appear. Evidence is heard. The motion to dismiss filed by Defendants Larry E. and Eva Kathleen Good is denied."

On September 30, 1986, Universal Life Church was added as an additional defendant.

On October 7, 1986, Attorney Robert L. Bauman entered his appearance for the Goods and filed a Motion to Quash Notice to Take Deposition and Subpoena Duces Tecum and For Protective Order, and filed a Motion for Change of Venue from the County. On October 21, 1986, the trial court denied the Motion for Change of Venue with the following order:

"On October 7, 1986, Defendants filed their Motion for Change of Venue from the County. On September 23, 1986, Defendant Larry E. Good filed his Motion to Dismiss Both Plaintiffs and Intervenors Complaint wherein Larry E. Good filed a 'document to answer the complaint filed in this court by both the plaintiff on behalf of himself and his wife.' Therefore, the motion for change of venue from the county is not timely filed and is denied."

The pivotal issue in this Original Action is whether the Goods' Motion to Dismiss was a responsive pleading that could be considered an Answer to the Plaintiff's Complaints, which thereby closed the issues on the merits.

Ind.R.P., Trial Rule 76, provides:

"(1) In all civil actions, except those to enforce a statute defining an infraction, where the venue may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the county and only one [1] change from the judge. The Rules of Criminal Procedure shall govern proceedings to enforce a statute defining an infraction.

(2) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten [10] days after the issues are first closed on the merits.

. . . .

(4) Provided further, in those cases of claims in probate and receivership proceedings and remonstrances and similar matters, the parties thereto shall have thirty [30] days from the date the same is placed and entered on the issue and trial docket of the court.

. . ."

All parties agree that subsection (2) of this Rule is determinative since the Goods' Motion for Change of Venue was filed more than ten days after the Goods' *pro se* Motion to Dismiss was filed. The trial court concluded that the Goods' *pro se* Motion to Dismiss was an Answer, thus triggering the running of the ten days during which they were entitled to an automatic change of venue. The language in the court's order indicates its conclusion was based on the use of the word "answer" in the introductory paragraph of the *pro se* Motion to Dismiss.

The Goods contend that the motion is, in fact, a Motion to Dismiss and not an Answer because 1) it is titled a Motion to Dismiss, 2) in substance it is a Motion to Dismiss, and 3) the trial court had previously treated it as a Motion to Dismiss and denied it, entitling the Goods to rely upon this ruling. We agree with the Goods.

Although the title of a pleading is not necessarily controlling, it is indicative of the pleaders' intentions. However, as stated in *Ware v. Waterman* (1969), 146 Ind. App. 237, 244, 253 N.E.2d 708, 713:

"It is well established that pleadings are to be construed and given effect according to their substance and content. The titles or labels placed thereon are not controlling and when such labels or titles are erroneous and in obvious contravention of the substance they are to be disregarded. . . ."

In determining the substance of the pleading, we look to the facts alleged and relief sought. *Jones v. Castor* (1966), 140 Ind. App. 342, 343 n. 1, 214 N.E.2d 180, 181 n. 1, *tr. denied.*

The Goods insist this motion could not be denominated an Answer pursuant to T.R. 9(B). Rather, it is more in the nature of a

Motion to Dismiss for Failure to State a Claim pursuant to Ind.R.P., Trial Rule 12(B)(6), or a Motion to Dismiss for Failure to Join a Party Needed for Just Adjudication pursuant to Trial Rule 19 and Trial Rule 12(B)(7). The Goods insist that even if the Motion to Dismiss was totally lacking in merit and was justifiably denied by the trial court, its character as a Motion to Dismiss is not changed. Trial Rule 8(B) provides:

"Defenses: Form of Denials. A responsive pleading shall state in short and plain terms the pleader's defenses to each claim asserted and shall admit or controvert the averments set forth in the preceding pleading. If in good faith the pleader intends to deny all the averments in the preceding pleading, he may do so by general denial subject to the provisions of Rule 11. If he does not intend a general denial, he may:

(1) specifically deny designated averments or paragraphs; or

(2) generally deny all averments except such designated averments and paragraphs as he expressly admits.

If he lacks knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and his statement shall be considered a denial. If in good faith a pleader intends to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and deny the remainder. All denials shall fairly meet the substance of the averments denied...."

The complaints filed by the Plaintiffs here included several pleading paragraphs containing many allegations of fact and charges against the Goods and requesting many forms of relief, including punitive damages. The Goods' *pro se* Motion to Dismiss responded to none of the averments of either complaint and closed no issues for the trial court's determination. The Goods instead requested dismissal of the complaints, which the trial court denied. The Goods will now be required to file an Answer to the averments and contentions in the Plaintiff's complaints, and to respond to the requested relief.

The Goods were entitled to an automatic change of venue and the trial court improperly refused it. The Writ is made permanent and the trial court is directed to grant the Goods' Motion for Change of Venue.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

ORIGINAL ACTION

DeBRULER, Justice, dissenting.

The entire motion in its substance is comprised of the three allegations, namely that, (1) the defendants do not have present possession of the farm, (2) the defendants are not the present owners of the farm, and (3) payments upon the note by defendants have been made in accordance with the terms of the note. The motion concluded with the request that if the court did not dismiss the case that jury trial be held.

I read this record as evidencing a determination by the trial judge that this *pro se* motion served the offices of both a motion to dismiss for failure to state a claim, and an answer upon which the case would be taken to the jury. He denied it insofar as it was a motion to dismiss and determined its character as an answer when denying the motion for change of venue. In both rulings, Judge O'Neill was well within reason.

I respectfully dissent and vote to deny the writ.