**Hugh David REED, Appellant,**

v.

**Edward REID, et al., Appellees.**

No. 40S01–1107–PL–436.

Supreme Court of Indiana.

May 18, 2012.

*PUBLISHED ORDER*

After this case had been fully briefed on transfer and we heard oral argument on March 28, 2012, Appellees filed a document titled "Appellees' Notes On Oral Argument," and Appellant filed "Appellant's Objection To Filing. . . ."

The twelve-page "Notes on Oral Argument" consists of comment on the oral argument, citations, and legal argument on the issues in the case. In other words, but for the absence of covers and a binding, it is essentially an advocate's brief. Appellees did not request permission to file this document, and the Court did not request it. As Appellees note, two decisions mention the use of "notes on oral argument," *see Peak v. State,* 240 Ind. 334, 356, 163 N.E.2d 584, 595 (1960) (dissenting opinion of Bobbitt, J.), and *Workman v. Workman,* 113 Ind.App. 245, 260, 46 N.E.2d 718, 724 (1943), but no opinion has mentioned them in the last fifty years. We are aware that they are discussed in Kenneth Stroud, 4A *Indiana Practice* (2nd ed.1990) § 11.4, but later versions of this work deleted reference to them. *See* George Patton, 24 *Indiana Practice* ch. 11 (3rd ed. 2001) & (2011–12 Supp.).

To whatever extent the filing of "notes on oral argument" without leave of court was once part of Indiana's appellate practice, it no longer is, and this order is being published to so inform attorneys. Appellate Rule 48 authorizes the filing of a Notice of Additional Authorities when pertinent and significant authorities come to the attention of a party after oral argument, but comment about the citations is limited to a parenthetical or single sentence explaining the authority. Appellees' "Notes on Oral Argument" document does not conform to this rule. Accordingly, the Appellant's Objection is SUSTAINED. Appellees' Notes on Oral Argument is STRICKEN, and the Clerk is directed to

return all copies of it to counsel for Appellees.

The Clerk is also is directed to send copies of this order to counsel of record and to post this order to the Court's website. Thomson Reuters is directed to publish this order in the bound volumes of this Court's decisions.

DICKSON, C.J., and SULLIVAN, RUCKER, DAVID and MASSA, JJ., concur.