--------
Published Order
In a merits opinion issued today, we affirm the trial court in part and reverse in part. We issue this published order separately to disapprove of repeated attempts by Appellee's attorneys to submit unauthorized supplemental merits briefs under the pretext of motions practice. Such submissions are not effective advocacy and do not advance the orderly disposition of an appeal; they only increase burdens on this Court and opposing counsel. In sum, such unhelpful tactics generate only heat, not light-and we sternly caution against their future use.
First, after transfer briefing was complete, Appellee's counsel filed a six-page "Motion for Oral Argument" accompanied by 210 pages of "exhibits" that were neither part of the Record on Appeal nor timely verified under Indiana Appellate Rule 35(F). Though titled as a motion for oral argument, the document was in substance a surreply to the Appellants' transfer briefs. See Good v. Clinton Circuit Court, 503 N.E.2d 1218, 1220 (Ind. 1987) (noting that the "substance and content" of *744 pleadings controls over their "titles or labels").
While Indiana Appellate Rule 52(B) permits motions for oral argument, that permission must be read in light of Rule 57, which limits merits arguments on transfer to a petition to transfer, a brief in response, and finally a reply brief. Thus, oral-argument motions may not be exploited as additional merits briefs by another name. Accord , Reed v. Reid, 969 N.E.2d 589 (Ind. 2012) (striking additional legal argument filed after the case had been fully briefed on transfer, noting that "but for the absence of covers and a binding," the document was "essentially an advocate's brief"). Nor may they be used to expand the Record on Appeal beyond what Rule 32(A) authorizes for correcting or modifying the Clerk's Record or Transcript. Accordingly, when we granted transfer, we also granted Appellants' motion to strike those materials and denied counsels' motion for leave to file a reply.
Our rejection of those submissions did not deter Appellee's counsel from further efforts at supplemental merits briefing. After we heard oral argument, Appellee's counsel filed a document titled "Verified Corrections of Misrepresentations During Rebuttal at Oral Argument," taking issue with three statements Appellants' attorneys made during rebuttal. Appellants objected to the "Corrections" and asked for them to be stricken as akin to the "Notes on Oral Argument" this Court ordered stricken in Reed, 969 N.E.2d at 589. Treating the objection as a cross-motion to strike, Appellee's counsel filed a response[1] arguing that the document in Reed was twelve pages long and meant to supply additional legal authorities in violation of Rule 48, while the "Corrections" were only seven pages and addressed "significant factual misrepresentations" lest "deceit [be] left unchecked."
We are not persuaded. The "Corrections" are materially identical to the "Notes on Oral Argument" this Court ordered stricken in Reed. Both documents consist of "comment on the oral argument, citations, and legal argument on the issues in the case." Id., 969 N.E.2d at 589. Further indicating that the "Corrections" and subsequent submissions are in fact unauthorized surreply briefs, each alleged "misrepresentation" concerns a disputed issue of fact. By all objective indications, the "Corrections" are precisely the type of filing Reed disavowed.
Most recently, with the "Corrections" and related submissions still pending, Appellee's attorneys have filed a "Motion for Remand to Trial Court for Consideration of Motion for Relief Based on Defendants' Fraud on the Court," accompanied by a copy of a 228-page motion (including exhibits) filed in the trial court a few days earlier. In essence, the "Motion for Remand" argues that Appellants' discovery violations, including the ones at issue in this appeal, constitute "fraud on the Court" as to Appellee's claim for breach of his employment agreement-an issue on which he prevailed at trial. The motion asks us to remand for the trial court to consider those allegations as part of the "previous sanction orders" at issue in this appeal. Appellants filed responses, and Appellee has now filed a verified version of the "Motion for Remand" and a motion for leave to file a reply to Appellants' responses.
*745 Like the "Motion for Oral Argument," the substance of the verified and unverified "Motions for Remand" is little more than a more-strident continuation of arguments in Appellee's transfer briefing and a new effort to expand the Record on Appeal outside Rule 32's parameters-and we reject it for the same reasons.
In conclusion, we amplify Reed's admonition: After transfer briefing is closed, further arguments on the merits-by any name-may be filed only by leave of this Court or in the limited form Rule 48 authorizes for notices of additional authority. By that measure, Appellee's submissions described above are improper and should be stricken.
Being duly advised, the Court GRANTS IN PART "Appellee/Cross-Appellant Roderick J. Sawyer's Motion to Direct Clerk to Accept and File His Response to Opposing Parties' Objection to Verified Corrections of Misrepresentations at Oral Argument, and Motion for Leave to File Verified Corrections if Leave is Needed." The Clerk is directed to file "Appellee/ Cross-Appellant Roderick J. Sawyer's Response to Appellants' Objection to Post-Oral Argument Submissions," received January 12, 2018, as of the date of this order. However, the Court STRIKES the following submissions:
• "Appellee/Cross-Appellant Roderick J. Sawyer's Corrections of Misrepresentations During Rebuttal at Oral Argument," filed December 18, 2017;
• "Appellee/Cross-Appellant Roderick J. Sawyer's Verified Corrections of Misrepresentations During Rebuttal at Oral Argument," filed December 18, 2017;
• "Appellee/Cross-Appellant Roderick J. Sawyer's Motion for Remand to Trial Court for Consideration of Motion for Relief Based on Defendants' Fraud on the Court"; and
• "Appellee/Cross-Appellant Roderick J. Sawyer's Amended and Verified Motion for Remand to Trial Court for Consideration of Motion for Relief Based on Defendants' Fraud on the Court," filed March 22, 2018.
Finally, the Court DENIES AS MOOT "Appellee's Motion for Leave to File Reply to Motion for Remand" (addressing The Care Group Heart Hospital's response, filed March 21, 2018), and "Appellee's Motion for Leave to File Reply to Motion for Remand" (addressing St. Vincent Medical Group's response, filed March 23, 2018).
Consistent with looking to "substance and content" over "titles and labels," see Good, 503 N.E.2d at 1220, we agree with Appellee that under these circumstances, the "objection's" request to strike amounts to a cross-motion to strike, to which Appellee may respond of right.