# FOR PUBLICATION

APPELLANT PRO SE:

**ALAN PATRICK MCENTEE**
Knox, Indiana

ATTORNEYS FOR APPELLEE:

**TIMOTHY J. ABESKA**
**EILEEN S. PRUITT**
Barnes & Thornburg LLP
South Bend, Indiana

FILED

Jun 19 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALAN PATRICK MCENTEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 75A03-1106-MF-277 |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
Cause No. 75C01-1005-MF-71

**June 19, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Alan Patrick McEntee ("McEntee"), pro se, appeals from the denial of his motion to correct error, which challenged the trial court's entry of summary judgment, which granted Wells Fargo Bank N.A.'s ("Wells Fargo") foreclosure claim and denied McEntee's counterclaim for damages.

We reverse and remand for further proceedings.

**Issue**

McEntee presents several issues for our review, which we reframe as whether the trial court abused its discretion when it denied McEntee's motion to correct error requesting the trial court to set aside its entry of summary judgment in favor of Wells Fargo and against him.

**Facts and Procedural History**

On August 4, 2003, McEntee borrowed $73,000 from USB Home Lending, a Division of Universal Savings Bank, F.A. ("USB Home Lending"). The note for the loan required that McEntee make monthly payments of $467.43.[1] (Appellee's App. at 29.) The loan was secured by a mortgage, which McEntee executed on August 4, 2003. At some point prior to the relevant events of this case, Wells Fargo became the servicer on the loan for USB Home Lending.

At some point, McEntee submitted a check to Wells Fargo for his January 2009

---

[1] McEntee's required payments under the note were in excess of this amount due to a requirement in the mortgage that he include in his monthly payments amounts for escrow items, including taxes and other assessments, mortgage insurance, and other such amounts.

mortgage payment. The check was postdated to the payment due date, but Wells Fargo negotiated the check before that date. While it does not appear that McEntee's check was returned for insufficient funds, payment of the check resulted in checking account overdraft fees to McEntee of $112.50.

McEntee engaged in efforts to obtain compensation from Wells Fargo for the overdraft fees. This appears to have escalated into a dispute over the proper place for McEntee to make payments; whether certain payments were made late; and whether McEntee could deduct amounts for the overdraft fees, mileage to deliver a payment to a Wells Fargo bank branch, and a "premature check cashing" fee. Appellant's App. at 5.

On June 10, 2009, McEntee sent a letter to Mark Oman, then an executive for Wells Fargo in Des Moines, Iowa, that included two checks to Wells Fargo for McEntee's May 2009 and July 2009 mortgage payments. From the July 2009 payment, which was to total $664.98, McEntee deducted his claimed expenses for travel ($11.50), overdraft fees ($112.50), and the overdraft fee associated with "premature check cashing" ($22.87). Thus, McEntee's check for his July 2009 payment was $518.11, which he postdated to July 1, 2009.

By September 2009, McEntee's dispute with Wells Fargo remained unresolved. Thus, on September 23, 2009, McEntee sent a letter to Ben Windust, another executive for Wells Fargo. Stating that "[t]here has been no reply to date regarding the problems," McEntee submitted with the letter a check for his October 2009 payment in the amount of $700.00, which he specified was to cover the $664.98 monthly payment and additional principal of $35.02 "plus $0.02 from previous month not allocated." Appellant's App. at 7. The check

3

was postdated to October 1, 2009, and McEntee indicated that he would assess a $100.00 fee "deductible from a future payment" if Wells Fargo "[p]remature[ly] deposit[ed]" the check. Appellant's App. at 7.

McEntee's relationship with Wells Fargo continued to deteriorate. Eventually, Wells Fargo returned two of McEntee's checks (for the July 2009 and January 2010 payments) and informed McEntee that it planned to foreclose on the mortgage. On April 27, 2010, USB Home Lending assigned its interest in the mortgage and conveyed the promissory note for the loan to Wells Fargo.

On May 13, 2010, Wells Fargo filed its Complaint to Foreclose Mortgage against McEntee.

On June 7, 2010, McEntee answered the complaint, denying Wells Fargo's allegation that he had defaulted on the loan. McEntee also asserted several counterclaims. McEntee alleged that Wells Fargo failed to apply properly his payments, and requested damages "for all costs associated with this suit, plus all money not properly attributed by the Plaintiff." Appellee's App. at 35. McEntee also asserted a counterclaim for $73,000 "for emotional pain and suffering and all ancillary costs," claiming that Wells Fargo "has used its size and power in an effort to intimidate [McEntee] to accept extra costs that are not his responsibility." Appellee's App. at 35. McEntee's answer and counterclaims were accompanied by a "Defense History" that set forth an alleged timeline of events. These included McEntee's recounting of the payment history and Wells Fargo's refusal to recognize certain payments as having been made, and McEntee's claim that Wells Fargo in August

4

2009 sent him a check for $125.00 to cover his overdraft fees.

On June 10, 2010, Wells Fargo answered and moved to dismiss McEntee's counterclaims.

On January 21, 2011, Wells Fargo filed its motion for summary judgment against McEntee as to its complaint and McEntee's counterclaims. On February 2, 2011, McEntee filed his response to Wells Fargo's motion for summary judgment.

The trial court conducted a hearing on Wells Fargo's motion for summary judgment on April 25, 2011. On April 26, 2011, the trial court entered summary judgment in favor of Wells Fargo and against McEntee on Wells Fargo's complaint for foreclosure and McEntee's counterclaims.

On May 20, 2011, McEntee filed his motion to correct error, subtitled as a motion to reconsider. Wells Fargo filed its response to the motion on May 31, 2011. The trial court denied McEntee's motion to correct error on June 10, 2011.

This appeal followed.

**Discussion and Decision**

Standard of Review

McEntee appeals from the trial court's denial of his motion to correct error. Our standard of review in such cases is well established. We review a trial court's ruling on a motion to correct error for an abuse of discretion. Town of Plainfield v. Paden Eng'g Co., 943 N.E.2d 904, 908 (Ind. Ct. App. 2011), trans. denied. An abuse of discretion occurs when the trial court's decision is contrary to the logic and effects of the facts and circumstances

5

before it or the reasonable inferences there from. Carter-McMahon v. McMahon, 815 N.E.2d 170, 174 (Ind. Ct. App. 2004).

Here, the motion to correct error sought to set aside the entry of summary judgment. We review a trial court's entry of summary judgment under the same standard as the trial court. Williams v. Tharp, 914 N.E.2d 756, 761 (Ind. 2009). Summary judgment is appropriate only where "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). We construe all evidence in favor of the party opposing summary judgment, and we resolve all doubts as to the existence of a material issue against the moving party. Town of Plainfield, 943 N.E.2d at 908.

At summary judgment, "[t]he moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law." Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1270 (Ind. 2009). Once the moving party has carried its burden, "the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact." Id. That is, there is no burden to produce evidence upon the non-movant until the moving party has established, based upon its own designated evidentiary matter, that it is entitled to summary judgment. See Jarboe v. Landmark Cmty. Newspapers of Ind., Inc., 644 N.E.2d 118, 123 (Ind. 1994) (holding that Indiana does not apply the federal summary judgment procedure as announced in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), and requiring that a moving party "support [its] motion for summary

6

judgment with … designated evidence to establish the absence of a question of fact on an outcome-determinative issue").

A trial court's entry of summary judgment "arrives on appeal 'clothed with a presumption of validity,'" and thus the party challenging summary judgment must bear the burden of proving that the movant was not entitled to summary judgment. Williams, 914 N.E.2d at 762 (quoting Rosi v. Bus. Furniture Corp., 615 N.E.2d 431, 434 (Ind. 1993)). We will affirm a trial court's entry of summary judgment if the judgment can be sustained on any theory or basis in the record. Town of Plainfield, 943 N.E.2d at 908. We review a decision on summary judgment carefully, however, to ensure that a party was not properly denied his day in court. Haire v. Parker, 957 N.E.2d 190, 195 (Ind. Ct. App. 2011), trans. denied. The trial court's findings and conclusions upon entry of summary judgment are not binding upon our review, though they "offer valuable insight into the trial court's rationale for its review and thus facilitate appellate review." Raisor v. Jimmie's Raceway Pub, Inc., 946 N.E.2d 72, 75 (Ind. Ct. App. 2011).

Summary Judgment on Wells Fargo's Claim for Foreclosure

We turn first to McEntee's contention that Wells Fargo was not entitled to summary judgment on its complaint for foreclosure of the mortgage.

The Indiana Code provides, "if a mortgagor defaults in the performance of any condition contained in a mortgage, the mortgagee or the mortgagee's assign may proceed in the circuit court of the county where the real estate is located to foreclose the equity of redemption contained in the mortgage." Ind. Code § 32-30-10-3(a). To establish a prima

7

facie case that it is entitled to foreclose upon the mortgage, the mortgagee or its assign must enter into evidence the demand note and the mortgage, and must prove the mortgagor's default. Id.; Creech v. LaPorte Prod. Credit Ass'n, 419 N.E.2d 1008, 1012 (Ind. Ct. App. 1981). Once the mortgagee establishes its prima facie case, the burden shifts to the mortgagor to show that the note has been paid in full or to establish any other defenses to the foreclosure. See Creech, 419 N.E.2d at 1012.

Here, the mortgage and note provided that McEntee would pay installments of $467.43, plus escrow-related costs, on the first day of each month, beginning on September 1, 2003, and running through August 1, 2033. Even a single untimely payment could constitute default. The provisions of the mortgage and note included a non-waiver clause that provided, "[e]ven if, at a time when I am in default, the Note Holder does not require me to pay immediately in full … the Note Holder will still have the right to do so if I am in default at a later time." (Appellee's App. at 30.)

At summary judgment, Wells Fargo submitted as designated evidence the note McEntee signed, the mortgage agreement, and an affidavit from Brian Von Bergen ("Von Bergen"), Vice President of Wells Fargo Bank. The affidavit stated the then-outstanding principal amount on the note as well as other fees, and averred that McEntee was in default under the terms of the note and mortgage.[2]

---

[2] McEntee noted before the trial court and again in his brief before this court that an attorney who had not filed an appearance form pursuant to Trial Rule 3.1 represented Wells Fargo during oral argument before the trial court, though the same law firm that had represented Wells Fargo to that point employed that attorney. McEntee does not indicate how counsel's failure to enter a proper appearance prejudiced him. See T.R. 61 (providing no basis for reversal on appeal where an error does not affect the substantial rights of the parties). However, during oral argument before the trial court, counsel for Wells Fargo told the trial

8

Wells Fargo contends that McEntee admitted default both before the trial court and in his brief to this court. As we understand his argument, McEntee argues in his brief that if the mortgage was in default, the default was a result of Wells Fargo's conduct. Specifically, McEntee argues that Wells Fargo improperly deposited postdated checks before the monthly due date for each payment date, failed to apply payments properly, and refused tender of properly made payments. In his response to Wells Fargo's motion for summary judgment, McEntee designated as exhibits several letters he sent to Wells Fargo regarding his payment disputes. That is, McEntee does not admit default in his performance of any condition of the note, as our statutes require before a mortgagee may foreclose upon a mortgage. See I.C. § 32-30-10-3(a). Rather, McEntee asserted as a defense to the foreclosure that Wells Fargo improperly handled his payments on the note, and he designated evidentiary materials in support of this position.

Wells Fargo demonstrated, as Creech requires, that it was the holder of the note.

Wells Fargo did not establish, however, that McEntee had defaulted on his obligations under the note. "Conclusory statements are generally disregarded in determining whether to grant or deny a motion for summary judgment." LaCava v. LaCava, 907 N.E.2d 154, 166 (Ind. Ct. App. 2009) (citing Paramo v. Edwards, 563 N.E.2d 595, 600 (Ind. 1990)). Wells Fargo's designated materials are inadequate to the task of supporting its motion for summary judgment. The designated materials establish the balance on the loan and additional costs

court that the check McEntee submitted for his January 2010 payment was returned for insufficient funds. There was no evidence in the record to support this statement, and argument of counsel is not properly designated evidence. See Richards-Wilcox, Inc. v. Cummins, 700 N.E.2d 496, 499 n.3 (Ind. Ct. App. 1998). Any consideration of counsel's statement was therefore inappropriate.

Wells Fargo incurred as a result of the claimed default. But the only evidence of McEntee's default—that is, the only evidence designated by Wells Fargo that establishes McEntee's failure to comply with the terms of the note and mortgage—is the conclusory averment in Von Bergen's affidavit that "[a]ccording to [Wells Fargo's] records, the Mortgagors are in default and that said default has not been cured." (Appellee's App. at 58.)

This conclusory statement is not enough. The designated materials reflect only Wells Fargo's opinion based upon its undesignated records that McEntee was in default. Thus, Wells Fargo did not establish the absence of a genuine issue of material fact regarding its contention that McEntee had defaulted on the note, nor did it establish a prima facie case that it was entitled to foreclose on the mortgage.

While Wells Fargo's designated materials were insufficient to shift the burden to establish a genuine issue of material fact onto McEntee, he nevertheless responded to Wells Fargo's motion for summary judgment with his own designated materials. Among these were copies of letters McEntee had sent to various officers of Wells Fargo. The letters set forth various disputes McEntee had regarding Wells Fargo's handling of his payments, and indicate that he intended to deduct certain amounts from one or more payments on the loan. It is unclear, however, whether McEntee did withhold such amounts, as neither party designated such materials as cancelled checks or balance statements that could establish whether McEntee failed to make appropriate payments on or before the proper payment date each month.

Taking the designated materials together, and drawing all inferences in favor of

10

McEntee as the non-movant, the designated evidentiary materials submitted by the parties at summary judgment do not establish that McEntee defaulted in his performance under the note, but rather that he and Wells Fargo were engaged in an ongoing payment dispute. Thus, we cannot conclude that the trial court properly granted summary judgment in favor of Wells Fargo on its foreclosure complaint. We therefore reverse the trial court's entry of summary judgment on this point.

### Summary Judgment on McEntee's Counterclaims

We turn now to the trial court's entry of summary judgment in favor of Wells Fargo on McEntee's counterclaims. We think this decision was in error.

McEntee's counterclaims stated:

The Defendant counterclaims for damages for all costs associated with this suit, plus all money not properly attributed by the Plaintiff in an amount to be determined by the court at trial; plus interest on amounts received by the Plaintiff and not credited to the Defendant.

The Defendant also counterclaims in the amount of $73,000 for emotional pain and suffering and all ancillary costs, enumerated or not at this point. The plaintiff has used its size and power in an effort to intimidate the Defendant to accept extra costs that are not his responsibility. Their vindictiveness is irresponsible and unconscionable.

(Appellee's App. at 35.)

In its motion for summary judgment, Wells Fargo sought entry of summary judgment on both its foreclosure claim and McEntee's counterclaims. While Wells Fargo designated some materials in support of the motion, it submitted no materials pertinent to either of

McEntee's counterclaims.[3] The trial court granted Wells Fargo's motion for summary judgment on the counterclaims.

This was error. One of McEntee's counterclaims related to the misapplication of his payments is less a claim for relief than it is an affirmative defense alleging that Wells Fargo improperly handled his payments on the note. See T.R. 8(F) (providing that "pleadings shall be construed so as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points"); also Williams v. State, 892 N.E.2d 666, 670 (Ind. Ct. App. 2008) (construing as an appeal for denial of a motion for involuntary dismissal under Trial Rule 41(B) an argument the appellant characterized as challenging the sufficiency of evidence as on appeal), trans. denied. Wells Fargo's designated evidentiary materials do not establish that McEntee failed to pay the amounts due on the note. While McEntee designated materials that give rise to an inference that a payment dispute existed between him and Wells Fargo and made pertinent arguments to that effect in his briefs, Wells Fargo designated no evidence to show the lack of a genuine issue of material fact. Thus, the materials before the trial court established a genuine issue of material fact as to McEntee's defense concerning Wells Fargo's handling of McEntee's payments, and Wells Fargo was therefore not entitled to summary judgment on this matter.

Moreover, Wells Fargo submitted neither evidence nor argument concerning McEntee's allegation that its vindictive and irresponsible conduct gave rise to emotional pain and suffering. "A party responding to a motion for summary judgment is entitled to take the

---

[3] As we have already observed, the materials Wells Fargo designated were insufficient of themselves to support an entry of summary judgment on its foreclosure claim.

12

motion as the moving party frames it." Reiswerg v. Statom, 926 N.E.2d 26, 30-31 (Ind. 2010). Wells Fargo argued that depositing McEntee's postdated checks was not a basis for recovery, that it was entitled to foreclosure under the terms of the note and mortgage, and moved for entry of summary judgment on its claims and those of McEntee. Yet Wells Fargo designated no evidentiary materials to support its motion for summary judgment on the counterclaim. McEntee's counterclaim for emotional pain and suffering was therefore not properly before the trial court for disposition on summary judgment, and the court erred when it entered summary judgment against McEntee on this claim.

### Conclusion

The trial court erroneously entered summary judgment in favor of Wells Fargo on its foreclosure claim because Wells Fargo failed to establish that there was no genuine issue of material fact as to the allegation that McEntee had defaulted on the note. The trial court's entry of summary judgment in favor of Wells Fargo on McEntee's counterclaims was also in error because Wells Fargo did not establish the absence of a genuine issue of material fact as to McEntee's affirmative defense, and because McEntee's counterclaim concerning emotional distress was not properly before the trial court at summary judgment. We therefore reverse the trial court and remand this matter for further proceedings.

Reversed and remanded.

ROBB, C.J., and MATHIAS, J., concur.