# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**KENT HULL**
Indiana Legal Services, Inc.
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**CARL A. GRECI**
**LARRY E. LaTARTE**
Faegre Baker Daniels LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JEFF L. EWING and RENEE EWING, )
)
    Appellants-Defendants- )
    Supplemental Plaintiffs, )
)
HOUSEHOLD FINANCE CORPORATION III, )
)
    Appellant-Defendant, )
)
        vs. )   No. 50A03-1308-MF-327
)
U.S. BANK, N.A., AS TRUSTEE FOR THE, )
STRUCTURED ASSET SECURITIES CORP., )
SERIES 2005-GEL4, )
)
    Appellee-Plaintiff- )
    Supplemental Defendant )

FILED
Mar 10 2014, 9:59 am
CLERK
of the supreme court,
court of appeals and
tax court

APPEAL FROM THE MARSHALL CIRCUIT COURT
The Honorable Curtis D. Palmer, Judge
Cause No. 50C01-1103-MF-39

**March 10, 2014**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellants-Defendants-Supplemental Plaintiffs Jeff and Renee Ewing ("the Ewings") appeal from the trial court's denial of their motion to correct error, arguing that the trial court erred in granting Appellee-Plaintiff-Supplemental Defendant U.S. Bank's motion for summary judgment in this foreclosure action. The Ewings claim their designated evidence, consisting only of Jeff's affidavit outlining the Ewings' past attempts to modify the mortgage loan at issue, establishes a genuine issue of material fact. Because Jeff's affidavit does not dispute the alleged default or otherwise support an ascertainable defense to U.S. Bank's foreclosure, we conclude that summary judgment was appropriate.

The Ewings also appeal from the trial court's grant of U.S. Bank's motion to dismiss the Ewings' supplemental complaint for failure to state a claim upon which relief could be granted. In their supplemental complaint, the Ewings alleged that U.S. Bank failed to act in good faith during the parties' settlement discussions as allegedly required by the Indiana Alternative Dispute Resolution Rules ("the A.D.R. Rules"). Finding that the A.D.R. Rules did not govern the parties' settlement discussions, we conclude that dismissal was appropriate. The judgment of the trial court is affirmed.

**FACTS AND PROCEDURAL HISTORY**

U.S. Bank is the holder of a promissory note ("the Note") executed by the Ewings on February 7, 2005, promising to repay a loan used to finance the Ewings' purchase of their home ("the Property"). U.S. Bank is also the holder of a mortgage ("the Mortgage") executed by the Ewings that same day. The Mortgage secures the Note and encumbers the Property.

On March 21, 2011, U.S. Bank filed a complaint against the Ewings, seeking to foreclose the Mortgage on the Property. The complaint alleged that the Ewings had defaulted under the Note by failing to tender the required monthly payments. On August 30, 2011, U.S. Bank filed a motion for summary judgment on its complaint. On November 22, 2011, pursuant to Indiana Code section 32-30-10.5-9, the Ewings requested a settlement conference, which the trial court scheduled for January 6, 2012. When the Ewings failed to appear on January 6, 2012, the conference was rescheduled for February 17, 2012.

Following the February 17, 2012 settlement conference, the parties agreed to continued settlement discussions but filed a settlement conference report stating, *inter alia*, "The settlement conference has concluded and the requirement for a settlement conference pursuant to IC § 32-30-10.5-1 et seq. is satisfied." Appellee's App. p. 87. The parties' settlement discussions concerned the potential third party purchase of the Property. However, the interested third party was unwilling to enter into an agreement while the Property was encumbered by the Mortgage, and U.S. Bank was unwilling to release the Mortgage on the Property until the Ewings satisfied the Note. As a result, the parties' continued settlement discussions stalled.

On December 3, 2012, U.S. Bank filed a motion to proceed with its foreclosure action, which motion the trial court granted. A hearing on U.S. Bank's pending motion for summary judgment was held on March 19, 2013, during which the Ewings designated an affidavit signed by Jeff as establishing a genuine issue of material fact. Jeff's affidavit stated:

5. Throughout the history of the residential mortgage loan at issue, I assumed the party which now appears to have been the servicer was the real party in interest and I assumed that the party which now appears to have been the servicer owned the loan as an assignee. I did not know that the party which now appears to have been the servicer as the agent or servicer of the present plaintiff or any other party.

6. In dealing with the party which now appears to have been the servicer, I made repeated requests for modification of the loan since January 2010. The party which now appears to have been the servicer at first seemed to agree to my proposal for modification, and then requested more documentation. The party which now appears to have been the servicer lost documents I sent, including income tax returns. The party which now appears to have been the servicer claimed that it did not receive other documents I sent in connection with my proposal to modify the loan.

Appellant's App. p. 15.

Also at the March 19, 2013 hearing, the parties revived their discussion about a potential third party purchase of the Property. The parties formulated a plan whereby the interested third party would tender funds to the Clerk of the Court in the amount necessary to pay off the Note. The Clerk would hold the funds until U.S. Bank released the Mortgage, at which point they would be transferred to U.S. Bank. Ultimately, the trial court took U.S. Bank's motion for summary judgment under advisement and ordered U.S. Bank to provide the Ewings with the exact payoff amount. U.S. Bank complied, but the Ewings disputed the amount's calculation. On May 1, 2013, the trial court granted summary judgment in favor of U.S. Bank.

Prior to the entry of summary judgment, on March 15, 2013, the Ewings filed a supplemental complaint against U.S. Bank, alleging that U.S. Bank failed to act in good faith during the parties' settlement discussions. The claim asserted in the supplemental complaint relied on a duty arising under the A.D.R. Rules. On May 31, 2013, U.S. Bank

4

filed a Trial Rule 12(B)(6) motion to dismiss the Ewings' supplemental complaint. That same day, the Ewings filed a motion to correct error with respect to the trial court's order granting summary judgment. A hearing on both motions was held on July 23, 2013, during which the trial court denied the Ewings' motion to correct error. On August 14, 2013, the trial court granted U.S. Bank's motion to dismiss the Ewings' supplemental complaint.

## DISCUSSION AND DECISION

### I. Whether the Trial Court Erred in Granting U.S. Bank's Motion for Summary Judgment

The Ewings argue that the trial court erred in denying their motion to correct error, claiming summary judgment in favor of U.S. Bank was inappropriate. Summary judgment is appropriate only where "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). In conducting our review, "We construe all evidence in favor of the party opposing summary judgment, and we resolve all doubts as to the existence of a material issue against the moving party." *McEntee v. Wells Fargo Bank, N.A.*, 970 N.E.2d 178, 181 (Ind. Ct. App. 2012).

In moving for summary judgment, U.S. Bank bore the initial burden of showing that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *See Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009). The Ewings do not contest that U.S. Bank made such a showing. The burden, therefore, shifted to the Ewings to designate evidence showing the existence of a genuine issue of material fact. *Id.* Citing our decision in *McEntee*, the Ewings claim Jeff's affidavit satisfied this

5

burden. We disagree.

In *McEntee*, we held there to be a genuine issue of material fact as to a mortgagor's default where he "asserted as a defense to the foreclosure that [the mortgagee] improperly handled his payments on the note, and he designated evidentiary material in support of this position."[1] 970 N.E.2d at 183. Specifically, the mortgagor in *McEntee* submitted letters he sent to the mortgagee explaining how payments enclosed therein should be processed. *Id.* Unlike the evidence designated in *McEntee*, Jeff's affidavit does not dispute the Ewings' alleged failure to tender the required monthly payments. The affidavit merely outlines the Ewings' past attempts to modify the loan, which, without more, does not establish a genuine issue of material fact as to their alleged default or otherwise constitute an ascertainable defense to U.S. Bank's foreclosure. Summary judgment in favor of U.S. Bank was therefore appropriate.

## II. Whether the Trial Court Erred in Granting U.S. Bank's Motion to Dismiss

The Ewings also argue that the trial court erred in granting U.S. Bank's Trial Rule 12(B)(6) motion to dismiss the Ewings' supplemental complaint for failure to state a claim upon which relief can be granted. "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, not the facts supporting it," and we review a trial court's decision thereon de novo. *Allen v. Clarian Health Partners, Inc.*, 980 N.E.2d 306, 308 (Ind. 2012).

---

[1] We simultaneously determined that the mortgagee failed to designate adequate evidence in support of its motion for summary judgment. *McEntee*, 970 N.E.2d at 183.

6

In their supplemental complaint, the Ewings alleged that U.S. Bank failed to act in good faith during the parties' settlement discussions. Specifically, the Ewings claimed U.S. Bank violated A.D.R. 2.1, which provides, *inter alia*, that "[p]arties and their representatives are required to mediate in good faith…."[2] The parties' settlement discussions, however, were not a "mediation" under the A.D.R. Rules. Mediation is "a process in which a neutral third person, called a mediator, acts to encourage and to assist in the resolution of a dispute between two (2) or more parties." A.D.R. 1.3(A).

Here, the trial court did not order mediation pursuant to A.D.R. 2.2. "[I]f the trial court does not enter an order for mediation, the parties are free to shape a settlement agreement as they wish." *In re Paternity of K.R.H.*, 784 N.E.2d 985, 990 (Ind. Ct. App. 2003) (holding A.D.R. Rules did not govern parties' settlement negotiations despite their characterization as "informal mediation"). Moreover, as the Ewings acknowledge in their Appellant's Brief, "The parties … did not engage a mediator." Appellant's Br. p. 15.

We further note that the A.D.R. Rules do not govern "settlement negotiations." A.D.R. 1.2 lists "(1) Mediation, (2) Arbitration, (3) Mini-Trials, (4) Summary Jury Trials, and (5) Private Judges" as the only "[a]lternative dispute resolution methods which are governed by these rules[.]" *Cf.* A.D.R. 1.1 (listing "settlement negotiations" as a recognized method of alternative dispute resolution). Additionally, the record reveals no evidence that the parties agreed that the A.D.R. Rules would govern their settlement discussions. *See Vernon v. Acton*, 732 N.E.2d 805, 807-08 (Ind. 2000) (acknowledging

---

[2] The Ewings mistakenly cite to A.D.R. 2.10, which authorizes certain sanctions against a party "who fails to comply with these mediation rules…."

7

parties' agreement that A.D.R. Rules govern pre-suit mediation). Because the A.D.R. Rules did not govern the parties' settlement discussions, the trial court did not err in dismissing the Ewings' supplemental complaint for failure to state a claim.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.