**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 20 2014, 9:57 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MICHAEL W. GILLILAND**
Liberty, Indiana

ATTORNEYS FOR APPELLEE:

**HARRY W. CAPPEL**
**NATHAN H. BLASKE**
Graydon Head & Ritchey LLP
Cincinnati, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL W. GILLILAND, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 81A01-1307-MF-314 |
| | ) | |
| FIFTH THIRD MORTGAGE COMPANY, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE UNION CIRCUIT COURT
The Honorable Matthew Cox, Judge
Cause No. 81C01-1107-MF-140

**March 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Michael Gilliland, pro se, appeals following the trial court's entry of summary judgment in favor of Fifth Third Mortgage Company ("Fifth Third") on Fifth Third's foreclosure complaint, raising the following issues for our review: (1) whether the trial court erred by granting Fifth Third's motion for summary judgment; (2) whether the trial court improperly dismissed counterclaims asserted by Gilliland; and (3) whether the trial court committed reversible error when it failed to rule on Gilliland's motion to compel discovery and motion to dismiss. We conclude the evidence designated to the trial court produced no genuine issue of material fact, and the trial court did not err by granting Fifth Third's motion for summary judgment. Further, dismissal of Gilliland's counterclaims was not error, and the issue of the trial court's failure to rule on Gilliland's motions was not preserved for appeal because Gilliland did not seek relief in accordance with Indiana Trial Rule 53.1. We affirm.

## Facts and Procedural History

On July 18, 2011, Fifth Third filed a complaint against Gilliland seeking to foreclose on a mortgage. Following a request for continuance, Gilliland filed his answer on August 16, 2011. Gilliland's answer alleged fraud by Fifth Third and purported to reserve the right to amend his answer in order to plead the counterclaim with particularity. The answer also contained a myriad of affirmative defenses. On August 23, 2011, Fifth Third filed a motion to dismiss Gilliland's counterclaim, arguing Gilliland failed to support the counterclaim with specific averments as required under Indiana Trial Rule 9(B). On August 30, 2011, Gilliland filed, without service of process, an amended counterclaim alleging fraud. On

2

September 22, 2011, Fifth Third filed a motion to strike Gilliland's amended counterclaim. The trial court held a hearing on the motions on January 30, 2012. On April 27, 2012, the trial court granted Fifth Third's motions to dismiss Gilliland's original and amended counterclaims.

On May 3, 2012, Fifth Third filed a motion for extension of time to respond to discovery requests by Gilliland, and the trial court granted an extension up to June 7, 2012. Upon Fifth Third's failure to meet that deadline, Gilliland filed a motion to compel discovery on June 12, 2012. Gilliland's motion to compel was never ruled upon. On October 2, 2012, Gilliland filed a motion to dismiss pursuant to Indiana Trial Rule 37(B)(2)(c), citing Fifth Third's failure to provide discovery. Gilliland's motion to dismiss was never ruled upon.

On April 25, 2013, Fifth Third filed its motion for summary judgment. With its motion for summary judgment, Fifth Third designated evidence that included the mortgage agreement between Fifth Third and Gilliland and an affidavit alleging default of the mortgage agreement and the debt owed thereon. On May 1, 2013, Fifth Third filed a notice of service of discovery response, providing discovery materials that were due nearly a year earlier. Also on May 1, 2013, Gilliland filed a response to Fifth Third's motion for summary judgment but did not support his response with any designated evidence. The trial court awarded summary judgment to Fifth Third on July 8, 2013. This appeal followed.

Discussion and Decision

## I. Gilliland's Pro Se Status

At the outset, we note that Gilliland opted to proceed pro se both before the trial court and on appeal. This case, as presented before us, is rife with procedural missteps. However, a pro se litigant "cannot take refuge in the sanctuary of his amateur status." Peters v. Perry, 873 N.E.2d 676, 677 (Ind. Ct. App. 2007). Pro se litigants are held to the same standards and rules of procedure as trained legal counsel, and a person who proceeds pro se must accept the consequences of his decision. Id. at 678.

## II. Summary Judgment

When reviewing a trial court's entry of summary judgment, we apply the same standard as the trial court. Manley v. Sherer, 992 N.E.2d 670, 673 (Ind. 2013). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The moving party carries the burden of making a prima facie showing that it is entitled to summary judgment. Manley, 992 N.E.2d at 673. If the moving party makes a prima facie showing, the burden shifts to the non-moving party to submit evidence establishing a genuine issue of material fact. Id. The parties must support their motions with evidence designated to the court. T.R. 56(C). If the moving party properly supports its motion for summary judgment, the non-moving party may not rest on mere allegations or denials of his pleading; rather, the non-moving party must designate evidence and set forth specific facts showing a genuine issue of material fact. T.R. 56(E). "No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the

4

evidence relevant thereto shall have been specifically designated to the trial court." T.R. 56(H).

On appeal, Gilliland argues summary judgment was inappropriate due to a genuine issue of material fact. Specifically, he maintains that his default and nonpayment was a result of Fifth Third's improper refusal of attempted payments by Gilliland. However, Gilliland failed to designate any evidence with his response to Fifth Third's motion for summary judgment that would support these alleged facts.[1] Without such a designation of evidence, we are precluded from reversing the trial court on the ground that there exists a genuine issue of material fact.

Gilliland relies on our decision in McEntee v. Wells Fargo Bank, N.A., 970 N.E.2d 178 (Ind. Ct. App. 2012). McEntee was a foreclosure case in which we reversed a grant of summary judgment against a pro se appellant based on a genuine issue of material fact as to whether the bank mishandled the mortgagor's payments. Id. at 185. However, unlike Gilliland, the appellant in McEntee designated evidence supporting his defense that the bank was at fault. Id. at 183-84. Thus, McEntee is no help to Gilliland.

Fifth Third made a prima facie showing that it was entitled to foreclose on Gilliland's mortgage, and Gilliland did not designate evidence to rebut Fifth Third's claim. Therefore, there is no genuine issue of material fact, and the trial court did not err by entering summary judgment in favor of Fifth Third.

---

[1] Argument contained in a response to a motion for summary judgment is not properly designated evidence for the purposes of summary judgment. Richards-Wilcox, Inc. v. Cummins, 700 N.E.2d 496, 499 n.3 (Ind. Ct. App. 1998).

5

### III. Gilliland's Counterclaims

Gilliland argues that the trial court abused its discretion by dismissing his counterclaims against Fifth Third. Specifically, Gilliland contends that he reserved the right to amend his answer and that Fifth Third's first motion to dismiss was improper because he had not alleged a counterclaim in his original answer.

Gilliland's original answer, filed on August 16, 2011, did in fact allege a counterclaim of fraud against Fifth Third, stating: "Defendant alleges that plaintiff is not the holder in due course of the mortgage note for which it complains and has thus committed FRAUD upon defendant, and upon this court." Appellant's Appendix at 24 (emphasis in original). However, his original answer did not plead fraud with specificity as required by Indiana Trial Rule 9(B). A claim that is deficient under Trial Rule 9(B) fails to state a claim upon which relief may be granted. Payday Today, Inc. v. Hamilton, 911 N.E.2d 26, 33 (Ind. Ct. App. 2009), trans. denied. Thus, the counterclaim contained in Gilliland's original answer was properly dismissed. See Ind. Trial Rule 12(B)(6).

Gilliland's amended answer, filed on August 30, 2011, did not comply with service of process requirements for pleadings. See Ind. Trial Rule 5. Thus, the trial court did not err in dismissing Gilliland's amended answer. See T.R. 12(B)(5).[2]

---

[2] The Chronological Case Summary indicates that the trial court's order dismissing Gilliland's counterclaims was certified as a final judgment on June 4, 2012. However, a copy of that order is not contained in either Appellant's Appendix or Appellee's Appendix, so it is impossible to verify whether the requirements of Indiana Trial Rule 54(B) were met to make the court's order an appealable final judgment. Assuming that order complied with Rule 54(B), Gilliland failed to file a timely notice of appeal and forfeited the right to appeal the issue. See Ind. Appellate Rule 9(A).

## IV. Trial Court's Failure to Rule on Gilliland's Motions

Finally, Gilliland points out that Fifth Third failed to comply with a discovery deadline set by the trial court. In response to Fifth Third's untimely production of discovery materials, Gilliland filed a motion to compel discovery and later filed a motion to dismiss; neither motion was ruled on by the trial court. Gilliland contends that the trial court erred by failing to rule on his motion to compel and grant his motion to dismiss.[3] Indeed, Indiana Trial Rule 53.1 sets a time limitation of thirty days during which a trial court shall set a motion for hearing or rule on a party's motion. The rule states that if the trial court fails to rule on a motion within the prescribed time, then "upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge." Ind. Trial Rule 53.1(A). A party who fails to take affirmative action to enforce his rights under Rule 53.1 forfeits his right to challenge the deficiency. Hepp v. Pierce, 460 N.E.2d 186, 189 (Ind. Ct. App. 1984). In this case, Gilliland did not assert his rights and request the appointment of a special judge under Rule 53.1. Therefore, he cannot be heard to complain on appeal regarding the trial court's failure to rule on his motions.

---

[3] We note Gilliland attempted to raise Fifth Third's non-compliance with discovery deadlines as a standalone issue. However, Gilliland fails to identify an appellate remedy or demonstrate prejudice resulting from Fifth Third's untimely production of discovery. In our view, given the existence of an otherwise valid summary judgment, Gilliland's disregarded motion to dismiss presents his only potential opportunity for relief.

## Conclusion

Concluding the trial court's entry of summary judgment was not error; the trial court's dismissal of Gilliland's counterclaims was not error; and Gilliland failed to preserve the issue regarding the trial court's failure to rule on certain motions, we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.