## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 02 2016, 8:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Scott Charles Kuhn
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Anthony L. Manna
Foutty & Foutty, LLP
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Scott Charles Kuhn,

*Appellant-Defendant,*

v.

MidFirst Bank,

*Appellee-Plaintiff.*

June 2, 2016

Court of Appeals Case No.
49A02-1512-MF-2097

Appeal from the Marion Superior Court

The Honorable David J. Dreyer, Judge

Trial Court Cause No.
49D10-1507-MF-21937

**Robb, Judge.**

# Case Summary and Issue

Scott Charles Kuhn, *pro se*, appeals the trial court's grant of summary judgment and decree of foreclosure. Kuhn raises the following restated issue: whether the trial court erred in denying his motion to dismiss. Concluding the trial court did not err, we affirm summary judgment in favor of MidFirst Bank ("MidFirst").

# Facts and Procedural History

In 2004, Kuhn borrowed $70,300 from Colony Mortgage Corporation ("Colony") to finance the purchase of a condominium located in Indianapolis. To secure payment of the note, Kuhn executed a mortgage in favor of Mortgage Electronic Registration Systems (MERS) as nominee for Colony. Kuhn made payments on the note until December 2014. Thereafter, the mortgage was assigned to MidFirst, and MidFirst filed a foreclosure action. The complaint alleged MidFirst was a person entitled to enforce the note and that Kuhn defaulted under the terms of the note and mortgage by ceasing to make payments. MidFirst filed a motion for summary judgment, and Kuhn filed a motion to dismiss. After holding a hearing on both motions, the Marion Superior Court denied Kuhn's motion to dismiss and granted summary judgment and decree of foreclosure in favor of MidFirst. This appeal followed.

# Discussion and Decision

## I.  Standard of Review

[3]  As far as we can tell, Kuhn contends the Marion Superior Court lacked subject matter jurisdiction to decide the foreclosure action and therefore erred when it denied his motion to dismiss.[1]  Our standard of review for a motion to dismiss for lack of subject matter jurisdiction is a function of what occurred in the trial court.  *Scheub v. Van Kalker Family Ltd. P'ship*, 991 N.E.2d 952, 955-56 (Ind. Ct. App. 2013).  Where, as here, the trial court conducts a hearing, but no evidence is presented with respect to the motion and the trial court makes no findings, we are in as good a position as the trial court to determine whether jurisdiction exists; subject matter jurisdiction is a question of law we review de novo.  *Id.* at 956.

## II  Subject Matter Jurisdiction

[4]   "Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs."  *K.S. v. State*, 849

---

[1] Throughout this litigation, Kuhn has referred to subject matter jurisdiction, standing, and the real party in interest rule as interchangeable concepts, *see Fish v. 2444 Acquisitions, LLC*, 46 N.E.3d 1261, 1265 (Ind. Ct. App. 2015) (distinguishing subject matter jurisdiction, standing, and the real party in interest rule), *trans. denied*, but the brunt of his argument on appeal seems to address the issue of subject matter jurisdiction.  To the extent Kuhn challenges MidFirst's standing or real party in interest status, we conclude these issues are waived because Kuhn failed to present coherent argument with respect to either.  *See* Ind. Appellate Rule 46(A)(8)(a) (requiring each contention in the appellant's brief be supported by cogent reasoning and citations to relevant authority); *see also Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (stating the reviewing court need not address arguments that are too poorly developed to be understood).

N.E.2d 538, 540 (Ind. 2006). An Indiana court obtains subject matter jurisdiction only through a statute or the state constitution. *In re B.C.*, 9 N.E.3d 745, 751 (Ind. Ct. App. 2014). When a court lacks subject matter jurisdiction, its actions are void and have no effect whatsoever. *Id.*

[5] Pursuant to Indiana Code section 33-29-1.5-2(1), all nonstandard superior courts have "original and concurrent jurisdiction in all civil cases and in all criminal cases." Accordingly, the Marion Superior Court has subject matter jurisdiction over foreclosure actions and did not err in denying Kuhn's motion to dismiss. *See* Ind. Code § 33-33-49-1 (classifying Marion Superior Court as a nonstandard superior court).

# Conclusion

[6] The trial court did not err in denying Kuhn's motion to dismiss. We therefore affirm summary judgment and decree of foreclosure in favor of MidFirst.[2]

---

[2] Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). As the moving party, MidFirst carried the initial burden of demonstrating the absence of any genuine issue of material fact. *Schmidt v. Ind. Ins. Co.*, 45 N.E.3d 781, 785 (Ind. 2015). Once MidFirst made this showing—by designating the note it was entitled to enforce, the mortgage it had been assigned, and evidence of Kuhn's default—the burden shifted to Kuhn to come forward with contrary evidence showing an issue for the factfinder. *See id.*; *McEntee v. Wells Fargo Bank, N.A.*, 970 N.E.2d 178, 182 (Ind. Ct. App. 2012) ("To establish a prima facie case that it is entitled to foreclose upon the mortgage, the mortgagee or its assign must enter into evidence the demand note and the mortgage, and must prove the mortgagor's default. . . . Once the mortgagee establishes its prima facie case, the burden shifts to the mortgagor to show that the note has been paid in full or to establish any other defenses to the foreclosure."). Kuhn designated no evidence, so the trial court granted summary judgment in favor of MidFirst. Although Kuhn does not raise the issue, we would note the trial court did not err in doing so.

Affirmed.

Najam, J., and Crone, J., concur.