STATE of Indiana, Indiana Department of State Revenue, Inheritance Tax Division, Appellants-Defendants,

v.

Charles F. BAILEY, and William H. Mouton, Co-Executors of the Estate of Gertrude M. Caffery, Deceased, and Daniel F. McCarthy, Jr., Appellees-Plaintiffs.

No. 2-1276A454.

Court of Appeals of Indiana, Fourth District.

May 27, 1980.

Theodore L. Sendak, Atty. Gen. of Indiana, Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellants-defendants.

Russell J. Ryan, Jr., Gordon D. Wishard, Smith, Morgan & Ryan, Indianapolis, for appellees-plaintiffs.

CHIPMAN, Judge.

The Indiana Department of State Revenue, Inheritance Tax Division (Department), appeals from a judgment of the Marion Probate Court granting the estate of Gertrude M. Caffery (Estate) a refund of Indiana inheritance tax. On cross-appeal, the Estate challenges the constitutionality of IC 1971, 6-4-1-17 (Burns Code Ed.) which denies a taxpayer interest on an inheritance tax refund.

Affirmed.

Gertrude Caffery, a Louisiana resident, died in 1973 leaving both tangible and intangible personal property located in Indiana. The Department valued that portion of Caffery's estate subject to Indiana inheritance taxation at $505,251 and assessed a tax in the amount of $27,980.19, of which $27,606.50 was attributable to intangible personal property. The Estate paid the tax, then appealed the assessment to the Marion Probate Court, contending under IC 1971, 6-4-1-26 (Burns Code Ed.) the decedent's intangible personal property located in Indiana was exempt from inheritance taxation, and alternatively, to impose an inheritance tax on this non-resident estate would deny the Estate due process and equal protection of the law. The trial court agreed and ordered a tax refund without interest.

On appeal, the Department argues the trial court erroneously interpreted IC 6–4–1–26 as allowing an exemption for the decedent's intangible personal property located in this state. The Estate argues IC 6–4–1–17, which provides for an inheritance tax refund without interest, deprives the Estate of property without just compensation contrary to the Fourteenth Amendment to the Constitution of the United States and Section 21 of Article 1 of the Indiana Constitution.

## I. TAX EXEMPTION

■ We find it unnecessary to address the merits of the Department's argument concerning the trial court's interpretation of IC 6–4–1–26. The findings of fact and conclusions of law entered by the lower court evidence two mutually exclusive bases which support the granting of an inheritance tax refund in this case. First, the court found that under IC 6–4–1–26,[1] reciprocity existed between Indiana and Louisiana exempting the decedent's intangible personal property from Indiana inheritance taxation. However, the trial court also held that to deny the Caffery estate the intangible personal property exemption in this case would violate several constitutional provisions:

"As set forth in Finding No. 21, in enforcing the Indiana Act against appellants and at the same time making no attempt to enforce the Indiana Act against the estates of persons domiciled in the 20 states and territories referred to in Finding No. 19, and the transferees, administrators, executors and trustees

thereof, when such persons and estates own intangible personal property located in Indiana or securities and obligations of Indiana corporations or the obligations of individuals domiciled in Indiana and in failing to attempt to warn or otherwise notify transferees, administrators, executors or trustees of their liability for tax under the Indiana Act as set out in Finding No. 22, appellee has denied to appellants the equal protection of the laws contrary to the Fourteenth Amendment to the Constitution of the United States and Section 23 of Article 1 of the Indiana Constitution and due process of law contrary to the Fourteenth Amendment to the Constitution of the United States and Section 21 of Article 1 of the Indiana Constitution."

Neither in its Motion to Correct Error nor in its appellate brief does the Department challenge the independent constitutional basis for the lower court's decision. Regardless of our opinion as to the correctness of the trial court's interpretation of IC 6–4–1–26, the lower court's due process/equal protection holding will remain undisturbed as an independent basis for sustaining the judgment. Accordingly, we find little need to reach the merits of the reciprocity issue raised by the Department. It is a fundamental rule that upon appeal, the trial court's judgment will be upheld if it is sustainable on any one legal theory supported by the record. *Indiana & Michigan Electric Co. v. Schnuck*, (1973) Ind., 298 N.E.2d 436; *Prell v. Trustees of Baird and Warner Mortgage and Realty Investors*, (1979) Ind.App., 386 N.E.2d 1221.

---

1. IC 6–4–1–26 (since repealed) provides:

"Nonresidents' estates—Reciprocity—The tax imposed by the provisions of this act (§ 7–2401 § 7–7422) in respect of personal property, except tangible personal property having an actual situs in this state, shall not be payable if the transferor at the time was a resident of a state or territory of the United States, or of any foreign country, which at said time of his death, by the laws of such state, territory or country of residence of the transferor contained a reciprocal exemption provision under which nonresidents were ex-

empted from transfer taxes or death taxes of every character in respect of personal property, except tangible personal property having an actual situs therein: Provided, that the state, territory or country of residence of such nonresidents allowed a similar exemption to residents of the state, territory, or country of residence of such transferor. For the purpose of this section the District of Columbia and possessions of the United States shall be considered territories of the United States."

## II. INTEREST

The Estate argues IC 1971, 6–4–1–17,[2] which authorizes the state board of tax commissioners to order a refund of inheritance tax without interest, deprives the estate of property without just compensation in violation of the Indiana and federal constitutions. We disagree.

IC 1971, 6–4–1–21 (Burns Code Ed.)[3] prescribes the procedure by which non-resident estates may appeal from the appraisement and determination of inheritance tax made by the board of tax commissioners. After initial assessment by the Department, the non-resident estate may appeal to the Marion Probate Court by either paying the tax *or by giving security to cover the tax and associated costs.* Payment is not required to perfect the appeal. Therefore, the non-resident estate has the option of litigating the validity of the tax before payment by posting adequate security. If, as in the present case, the non-resident estate chooses to pay the tax prior to litigation, it does so voluntarily. This does not amount to a taking of property by the State.

The judgment below is affirmed.

MILLER, P. J., and YOUNG, J., concur.

---

**2.** IC 6-4-1-17 (since repealed) provides:

"The state board of tax commissioners is authorized and empowered to order the refund and repayment, *without interest,* of all taxes heretofore or hereafter erroneously wrongfully or illegally imposed on estates, inheritances, bequests, legacies, devises successions, gifts or other similar transfers of property . . . whether such taxes were imposed through mistake of fact or mistake of law and whether or not such taxes were paid voluntarily and without protest, and notwithstanding any claim heretofore filed for such refund." (emphasis added)

**3.** IC 6–4–1–21 (since repealed) provides:

*"Nonresidents' estates—Appeal from appraisement and determination.—*Any person not satisfied with such appraisement and determination of the tax, as made by the state board of tax commissioners, may appeal within ninety [90] days, from date of the certification of such board, to the probate court of Marion County, on paying or giving security to pay all costs, together with whatever tax shall be fixed by the court. Upon such appeal, the court may determine all questions of valuation and liability for such tax subject to the right of appeal to Supreme or Appellate Court."