James **CREECH** and Oma Sue Creech, Appellants (Defendants Below),

v.

**LaPORTE PRODUCTION CREDIT ASSOCIATION, Appellee (Plaintiff Below).**

No. 3–780A221.

Court of Appeals of Indiana, Third District.

April 30, 1981.

Gerald A. Kamm, Doran, Manion, Boynton, Kamm & Esmont, South Bend, for appellants.

Richard F. Joyce, Kizer, Neu, Joyce, Hite & Wyland, Plymouth, for appellee.

HOFFMAN, Presiding Judge.

James and Oma Sue Creech, the defendants below, brought this appeal from a judgment and decree of foreclosure of a mortgage on real estate situated in Marshall and LaPorte Counties, Indiana. LaPorte Production Credit Association (LPCA) filed the original action against the Creechs on a demand note and to foreclose the mortgage securing the funds advanced pursuant to the note.

The Creechs executed a promissory note dated February 28, 1977 in the amount of $35,000. It was a demand note. The Creechs also executed a mortgage dated July 11, 1977 to secure the promissory note. Upon execution of the note, the total amount loaned to the Creechs was $17,-475.75, and an additional sum of $4,470 was loaned thereafter. LPCA filed an action on the note on August 8, 1979. At the time of trial, March 20, 1980, a total sum of $33,-001.22 was due on the note. At the trial, the admission of certain testimony by Mr. Creech was objected to by LPCA. The objection was sustained by the trial court and the attorney for Creechs made an offer to prove.

The Creechs raise the following issues, which have been consolidated, on appeal:

(1) whether the trial court erred in not allowing Mr. Creech to testify relative to oral agreements which surrounded the execution of the mortgage;

(2) whether the decision of the trial court was supported by sufficient evidence and was contrary to the evidence; and

(3) whether the decision of the trial court was contrary to law.

During the direct examination of Mr. Creech, he was asked the following question:

"Q. Mr. Creech, this conversation, would you tell, as best you can recall, what you said and what Mr. Schmidt [an officer of LPCA] said."

LPCA objected to this question on the basis that any promise to repay the debt of another is unenforceable unless it is in writing, and thus testimony of any conversation concerning any such promise should not be admitted. The trial court sustained the objection and Creechs made the following offer to prove:

"If the witness was permitted to answer, he would state that Mr. Schmidt in substance stated that they would loan him the money to pay his payments on the Federal Land Bank over the period of the repayment schedule and that indeed, later on they did make one of the payments, but then that they refused to make them from then on."

■ LPCA's objection was based upon the theory that the evidence was inadmissible because the subject matter violated the Statute of Frauds. Judge Huff's ruling appears to acknowledge that claim and then proceed to determine alternatively that to have otherwise allowed the testimony would have violated the parol evidence rule. Upon appeal, a trial court's decision will be upheld if it is sustainable on any one legal theory supported by the record. *State v. Bailey* (1980) Ind.App., 405 N.E.2d 38.

■ The parol evidence rule excludes any parol or extrinsic proof of prior or contemporaneous oral agreements which would vary or contradict a written agreement. It is based upon the principle that when parties to a contract have put their legal obligation in writing, it is conclusively presumed that the entire agreement of the parties has been reduced to that writing. The rule rests upon a rational foundation of experience and policy and is essential to the certainty and stability of written obligations.

The first paragraph of the promissory note in this case reads upon its face as follows:

"On demand, for value received, I (we) promise to pay to the order of LaPorte Production Credit Association, 1217 State Road No. 2 West, LaPorte, Indiana, negotiable and payable at any office of the payee, the sum of Thirty Five Thousand and no/100 _ _ _ _ _ _ _ _ _ _ _ _ _ Dollars, or whatever lesser sum may be outstanding, including any future advances which may be made hereunder from time to time within a period of seven (7) years from the date hereof, provided that the total of the unpaid balances of such future advances together with the existing indebt-

edness hereunder shall not exceed in the aggregate at any one time outstanding the amount stated above, with interest at the rate of 7.5 percent per annum from the date of disbursement until paid, or at payee's option, with interest at such other rates as may subsequently be adopted by payee, from date of adoption until note is paid in full, with attorney's fees and costs of collection as allowed by law, and without any relief whatever from any state laws of valuation or appraisement."

The Creechs contend that various ambiguities surrounded the note and mortgage upon which the suit was brought, and therefore, Mr. Creech's parol evidence should have been allowed. They argued that since the loan application provided for estimated payments and LPCA admitted in its answer to the counterclaim filed in this action that there were to be periodic payments over a seven-year period, the circumstances surrounding the note caused it not to be a demand note and Mr. Creech should have been allowed to testify to these circumstances.

■ The note in question states that it is a demand note. It states no other specific time for payment. A demand note is a note that is due at once, at the time of its making. IC 1971, 26–1–3–108 (Burns Code Ed.) states: "Instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated."

The loan application was never admitted into evidence, but was testified to by an officer of LPCA. This testimony gave no support for the theory that the original note could be repaid over a period of seven years. The promissory note, as set out above, speaks for itself. It is clear that it is a demand note. It is also clear that the seven-year provision is included in the clause providing for future advances. Future advances could be made from time to time on this same note, within seven years from the date of the note, providing the total indebtedness did not exceed $35,000 plus interest.

The Creechs allege the parol evidence should be considered to explain the discrepancy in amounts between the note and mortgage. They argue that since the note was for $35,000 and the "open-end" mortgage to secure the note was "not to exceed ... $100,000," the mortgage failed to set out all the details agreed upon and was not a complete and integrated statement of the agreement.

Open-end provisions in mortgages are valid in Indiana and mortgages may be taken and held as security for future advances when a provision that such future advances will be covered is made a part of the agreement, as in this situation. *In re Woodruff* (1959) 272 F.2d 696, *certiorari denied; Sparrenberger v. National City Bank of Evansville, Inc.* (1960) 362 U.S. 940, 80 S.Ct. 806, 4 L.Ed.2d 770.

It is true that where a contract fails to set out the details agreed upon, making it incomplete and not an integrated statement of the agreement, parol evidence may be considered to determine the agreement with respect to these matters. *Malo v. Gilman* (1978) Ind.App., 379 N.E.2d 554.

However, such is not the case here. This mortgage contains all the requisite elements and no omissions. In *Pioneer Lmbr. & Supply v. First-Merchants Natl. Bk.* (1976), 169 Ind.App. 406, 349 N.E.2d 219, this Court found that even an inaccuracy in a mortgage as to the description of the maker of the debt did not render the mortgage invalid where the debt was described in the mortgage in detail.

The intent of the parties, which Creechs argue is questionable, is clear. The intent of the parties in executing the mortgage was to secure the promissory note. This is evidenced in the fact that the note states upon its face that it is secured by a real estate mortgage and the mortgage states that it is to secure the payment of a promissory note dated February 28, 1977, the principal amount of which is $35,000 payable on demand.

Thus, no incompleteness nor ambiguity surrounds this mortgage such that

would warrant allowing the testimony of Mr. Creech in this situation.

The Creechs further argue that they were induced by LPCA, on the faith of an oral promise, to place themselves in a worse position than they would have been in had no promise been made. LPCA derived a benefit as a result, and thus a constructive fraud existed.

The record of the transaction dates defeat such an argument. The note was executed on February 28, 1977 and the note stated it was secured by a real estate mortgage. The mortgage was thus contemplated by the parties at the time of making the agreement. Mr. Creech testified that the conversation concerning the alleged oral agreement about payments to the Federal Land Bank took place in March or April of 1977, after the note had been executed. The mortgage, which was dated July 11, 1977, specifically states it was to secure the note of February 28, 1977. Testimony in the record shows that a formal request to make a payment to the Federal Land Bank came almost a year later, after both the note and mortgage had been executed. If the alleged oral agreement of March or April 1977 had been an inducement for executing the mortgage, as the Creechs now allege is the case, it too, should have been included in the mortgage agreement when it was reduced to writing. But, instead, the mortgage specifically says it is to secure the prior note, and makes no mention of the alleged oral agreement. The parol evidence which the Creechs sought to admit would vary the terms of the written instrument.

Where a mortgage provides that the mortgagor will pay the mortgage indebtedness, the mortgagors bind themselves to pay the debts secured by the mortgage. *Warner v. Webber Apartments, Inc.* (1980) Ind.App., 400 N.E.2d 1180. This mortgage did not bind the Creechs to pay any debt which might have been incurred from the alleged oral agreement. It did bind them, however, to pay the secured debt.

Therefore, the trial court did not err in not allowing Mr. Creech to testify rela-

tive to any oral agreements which surrounded the execution of the mortgage, since such testimony would have violated the parol evidence rule.

The Creechs next raise the issues of whether the decision of the trial court was supported by sufficient evidence and was contrary to the evidence.

■ This Court's standard of review for sufficiency claims is well established. The Indiana Court of Appeals will neither weigh the evidence nor judge the credibility of the witnesses, but will look only to that evidence most favorable to the appellee and the reasonable inferences to be drawn therefrom. *Worthington v. State* (1980), Ind.App., 409 N.E.2d 1261.

■ LPCA entered into evidence the demand note and the mortgage. At that point, LPCA had made a prima facie case. The burden then shifted to the Creechs to show payment of the note, on any other affirmative defense. *Harrison v. Morias* (1967), 141 Ind.App. 537, 230 N.E.2d 545. This burden they did not overcome. Instead, uncontradicted evidence showed that as of the date of the trial, a balance of $33,001.22 was still due and owing on the note. The credibility of witnesses giving conflicting testimony about any payments made according to a schedule, was for the trier of fact to decide and not for this Court to judge.

■ The evidence in the record is sufficient to support a judgment in favor of LPCA and a decree of foreclosure of the mortgage and the decision was not contrary to the evidence. Therefore, the trial court's decision is affirmed.

The final issue raised by the Creechs is whether the decision of the trial court was contrary to law.

The law applicable to the case at hand has been set out and fully discussed in the previous sections of this opinion. The decision made by the trial court not to allow the parol evidence of Mr. Creech was found to be in compliance with the applicable law and was affirmed. Therefore, the decision of the trial court was not contrary to law and it is affirmed.

No reversible error having been shown, the judgment and decree of foreclosure issued by the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.