## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 24 2015, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Jennifer G. Ansari
Louisville, Kentucky

ATTORNEY FOR APPELLEE

Neal F. Bailen
Stites & Harbison, PLLC
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jennifer G. Ansari,<br>*Appellant-Defendant,*<br><br>v.<br><br>Bank of New York Mellon,<br>*Appellee-Plaintiff* | September 24, 2015<br><br>Court of Appeals Case No.<br>29A02-1412-MF-821<br><br>Appeal from the Hamilton Circuit Court<br><br>The Honorable Paul Felix, Judge<br><br>Trial Court Cause No.<br>29C01-1204-MF-4436 |

**Robb, Judge.**

# Case Summary and Issues

[1] Jennifer Ansari,[1] *pro se*, appeals the trial court's entry of default judgment, grant of summary judgment, and decree of foreclosure in favor of Bank of New York Mellon ("BONYM"). Ansari raises the following restated issues: (1) whether the trial court erred in entering a default judgment; and (2) whether Ansari's due process rights were violated when she was not transported from jail to attend the summary judgment hearing. Concluding the trial court did not enter a default judgment against Ansari and that Ansari's due process rights were not violated, we affirm the trial court's judgment in favor of BONYM.

# Facts and Procedural History

[2] In 2005, Ansari borrowed $130,400 from First Horizon Home Loan Corporation ("First Horizon") to finance the purchase of a house located at 13794 Shasta Drive, Fishers, Indiana. To secure payment of the note, Ansari executed a mortgage in favor of Mortgage Electronic Registration Systems (MERS) as nominee for First Horizon. The mortgage was subsequently assigned to First Horizon.

[3] Ansari filed for bankruptcy in 2008, and was granted a discharge pursuant to Chapter 7 of the United States Bankruptcy Code in 2009. On April 27, 2012,

---

[1] During the course of the proceedings, the Appellant changed her surname from "Curts" to "Ansari." For clarity, we will refer to her only as "Ansari."

First Horizon filed a complaint seeking an in rem judgment and decree of foreclosure. The complaint alleged Ansari had defaulted under the terms of the note and the mortgage. The complaint named Ansari and seven other defendants with an interest in the mortgaged property: (1) JPMorgan Chase Bank, N.A.; (2) National Contracting of Indianapolis; (3) State of Indiana; (4) Capital One Bank; (5) LVNV Funding; (6) Hudson and Keyse, L.L.C.; and (7) RBP. The trial court later granted First Horizon's motion for leave to file an amended complaint naming Indigo Lake Property Owner's Association as a defendant as well.

[4] None of the defendants answered the complaint. Ansari did, however, file an appearance and a written request for a settlement conference, which the trial court scheduled for July 19, 2012.[2] On July 9, 2012, Ansari filed a motion to continue the settlement conference, citing the need for "additional time to participate in housing counseling, and to send financial documents to [First Horizon] for review." Appellee's Appendix at 45.[3] The trial court granted the

---

[2] In response to the mortgage foreclosure crisis, the General Assembly enacted Indiana Code chapter 32-30-10.5 to avoid unnecessary foreclosures and facilitate mortgage modifications. *Nationstar Mortg., LLC v. Curatolo*, 990 N.E.2d 491, 493 (Ind. Ct. App. 2013). Under this chapter, a creditor must notify a debtor of his or her right participate in a settlement conference, and the debtor is given thirty days to notify the court of his or her intent to participate in such a conference. *Id.* at 494 (citing Ind. Code § 32-30-10.5-8(c)). If, as a result of a settlement conference, the debtor and creditor enter into a foreclosure prevention agreement, the foreclosure action may be dismissed or stayed as long as the debtor complies with the terms of the agreement. *Id.* (citing Ind. Code § 32-30-10.5-10(e)).

[3] A debtor who has requested a settlement conference must submit a "loss mitigation package" at least thirty days before the settlement conference. *See* Ind. Code § 32-30-10.5-10(a)(3). A "loss mitigation package" is a set of documents that "provide information about a debtor's present and projected future income, expenses, assets, and liabilities." Ind. Code § 32-30-10.5-4.7(2).

motion and reset the settlement conference for September 6, 2012. Ansari moved for a second continuance on August 24, 2012, but the trial court denied the motion. She appeared at the settlement conference as scheduled but failed to provide certain financial documents in a timely manner. As a result, First Horizon was unable to complete its review for a loan modification prior to the settlement conference.

[5] The trial court scheduled a status conference for October 18, 2012, and ordered First Horizon to complete the loan modification application process within thirty days of receiving all required documents. After the October status conference, the trial court found that Ansari had again failed to provide the required documents and ordered Ansari to provide First Horizon with up-to-date, complete documentation on or before November 1, 2012. Ansari did not comply with the deadline.

[6] The parties convened for additional settlement conferences in December, January, and February, but none were successful due to Ansari's failure to submit financial documents. On January 29, 2013, First Horizon filed a motion to substitute BONYM as the plaintiff in the action, which the trial court granted. BONYM filed a motion to proceed with foreclosure on March 12, 2013, citing Ansari's ongoing failure to turn over required documents in a timely manner. Ansari filed a response and objection to proceed with foreclosure, arguing she had in fact provided the documents "a multitude of times, on a continual and ongoing basis." *Id.* at 125. The trial court granted the motion to proceed with foreclosure on March 26, 2013.

[7] On June 10, 2013, BONYM filed a motion for entry of default judgment and a motion for summary judgment. The motion for entry of default judgment alleged the following defendants had defaulted by failing to file an answer: (1) JPMorgan Chase Bank, N.A.; (2) National Contracting of Indianapolis; (3) State of Indiana; (4) Capital One Bank; (5) LVNV Funding; (6) Hudson and Keyse, L.L.C.; (7) RBP; and (8) Indigo Lake Property Owner's Association. Although Ansari likewise never filed an answer, BONYM did not move for entry of default judgment against Ansari.

[8] BONYM's motion for summary judgment requested an in rem judgment against the mortgaged property, a judgment foreclosing the mortgage, and an order for the sale of the property. In support of its motion for summary judgment, BONYM designated the note signed by Ansari, the mortgage agreement, and an affidavit from an authorized agent of BONYM's loan servicer.

[9] Ansari filed a response to BONYM's motion for entry of default judgment and motion for summary judgment on July 5, 2013. Ansari argued BONYM was not a holder entitled to enforce the note and was barred from filing a dispositive motion because the settlement conference process was ongoing. Ansari designated no evidence in opposition to BONYM's motion for summary judgment. She requested the trial court order BONYM to cooperate in the settlement conference process, or, in the alternative, set a hearing.

The trial court scheduled a summary judgment hearing for the morning of September 6, 2013, but Ansari was unable to attend, having been arrested in Kentucky two days earlier. The trial court received a fax from a woman claiming to be Ansari's mother the day before the hearing, at approximately 4:00 PM. The unsigned letter stated Ansari was currently in jail in Louisville and requested a continuance. The trial court denied the request and held the hearing in Ansari's absence.

On September 9, 2013, the trial court granted BONYM's motion for entry of default judgment and motion for summary judgment in a single order. Ansari subsequently filed a motion for relief from judgment and motion to correct error, both of which the trial court denied. In both motions, Ansari maintained the trial court entered a default judgment against her. She now appeals.

# Discussion and Decision

## I. Entry of Default Judgment and Grant of Summary Judgment

Ansari contends the trial court entered a default judgment against her and argues this was erroneous because she "answered" the complaint by filing various motions and responses. A court may enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead . . . and that fact is made to appear by affidavit or otherwise . . . ." Ind. Trial Rule 55(A). "Where a defendant fails to answer a complaint, even though there is a technical default, the nondefaulting party is not entitled to a judgment

by default as a matter of right." *Progressive Ins. Co. v. Harger*, 777 N.E.2d 91, 95 (Ind. Ct. App. 2002). Rather, the decision to enter a default judgment is within the discretion of the trial court. *Teegardin v. Maver's, Inc.*, 622 N.E.2d 530, 532 (Ind. Ct. App. 1993).

[13] We first note that Ansari did not file an answer to the complaint. Ansari argues her filings were "written responses to the complaint" constituting an answer, notwithstanding the fact she did not "refer[] to such responses as an 'Answer.'" Appellant's Brief at 1. We agree "the title of a pleading is not necessarily controlling," as "pleadings are to be construed and given effect according to their substance and content." *Good v. Clinton Circuit Court*, 503 N.E.2d 1218, 1220 (Ind. 1987) (citation omitted). However, none of Ansari's filings resemble an answer. None "admit or controvert the averments set forth" in the complaint or "state in short and plain terms [Ansari's] defense to each claim asserted." Ind. Trial Rule 8(B).

[14] Despite the fact Ansari failed to file an answer and was therefore subject to a default judgment, BONYM moved for entry of default judgment against the other eight defendants. The trial court did not enter a default judgment against Ansari. The trial court's order mentions Ansari's technical default, but her name is not included in the paragraph in which the trial court orders entry of default judgment:

> Defendants JPMorgan Chase Bank, N.A., National Contracting of Indianapolis, State of Indiana, Capital One Bank, LVNV Funding (Assignee of Capital One Bank), Hudson and Keyse,

L.L.C., Assigne [sic] of Bank of America, N.A., RBP, and Indigo Lake Property Owner's Association, have failed to timely answer Plaintiff's Complaint and Plaintiff is entitled to the relief prayed for in its Complaint.

Appellee's App. at 190.

[15] The trial court awarded summary judgment in favor of BONYM in the same order. The judgment was an in rem judgment against the mortgaged property because Ansari's personal liability under the note and mortgage had been discharged in bankruptcy in 2009. Notwithstanding the inclusive caption of the order—"In Rem Summary Judgment, Default Judgment and Decree of Foreclosure"—the trial court entered summary judgment, not default judgment, as to Ansari's interest. *Id.* at 188.

## II. Ansari's Failure to Appear

[16] Ansari failed to appear at the summary judgment hearing because she was in jail in another state. She believes the trial court's judgment against her was entered based upon this failure to appear and argues her due process rights were violated when she was not transported from jail to attend the hearing. As discussed above, BONYM moved for entry of default judgment and for summary judgment, but the trial court did not enter a default judgment against Ansari. Instead, upon finding BONYM had carried its burden as the moving party, the trial court granted summary judgment in favor of BONYM. This was based not on Ansari's absence, but rather her failure to designate evidence

showing the existence of a genuine issue of material fact.[4] *See Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009) ("The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.").[5]

[17] As to Ansari's due process claim, a prisoner who is a party to a civil action "has no right to a transport order," *Sabo v. Sabo*, 812 N.E.2d 238, 242 (Ind. Ct. App. 2004), and does not, as a matter a federal due process, have an "absolute right"

---

[4] Ansari argues the trial court erred in denying her motion for relief from judgment because "the Judgment was entered based upon a party's failure to appear at a hearing due to incarceration of the party . . . ." Appellant's Br. at 1. Because the trial court did not enter judgment against Ansari based upon her failure to appear, the trial court did not err in denying her motion for relief from judgment on this basis. Ansari offers no additional arguments regarding the trial court's denial of her motion for relief from judgment.

[5] Summary judgment is appropriate only where the designated evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). In the context of mortgage foreclosure, evidence of the terms of the note and the mortgage and default by the mortgagor is sufficient to support an entry of judgment and decree of foreclosure. *See Creech v. LaPorte Prod. Credit Ass'n*, 419 N.E.2d 1008, 1009, 1012 (Ind. Ct. App. 1981). Here, in support of its motion for summary judgment, BONYM designated the note, the mortgage agreement, and an affidavit from an authorized agent of BONYM's loan servicer. The affidavit states the outstanding principal balance on the note, as well as accrued interest and other fees, and avers that Ansari "has defaulted under the Note and Mortgage and has failed to cure the default." Appellee's App. at 159. The affidavit, based on the affiant's review of "records relating to the Borrower's mortgage loan," is the only evidence of Ansari's default. *Id.* BONYM did not designate the business records establishing Ansari's default, and nothing in the record indicates when Ansari stopped making payments.

On appeal, Ansari does not raise the issue of whether summary judgment was proper, so the issue is not before us. We note, however, that "[c]onclusory statements are generally disregarded in determining whether to grant or deny a motion for summary judgment." *McEntee v. Wells Fargo Bank, N.A.*, 970 N.E.2d 178, 183 (Ind. Ct. App. 2012) (citation omitted) (holding that the "averment in [Wells Fargo's] affidavit that '[a]ccording to [Wells Fargo's] records, the Mortgagors are in default and that said default has not been cured" was conclusory and insufficient to establish the mortgagor's default and thus insufficient to establish Wells Fargo's entitlement to foreclose on the mortgage).

to be present. *Niksich v. Cotton*, 810 N.E.2d 1003, 1008 (Ind. 2004), *cert. denied*, 543 U.S. 1126 (2005). Moreover, Ansari was clearly afforded an opportunity to "present her objections" prior to the summary judgment hearing. Appellant's Br. at 4. Ansari was arrested just two days before the summary judgment hearing. She filed a response to BONYM's motion for summary judgment two months before the arrest but made no designations of evidence in the interim. In short, we do not believe Ansari was denied her due process right to defend against the foreclosure action. *See Sabo*, 812 N.E.2d at 242.

# Conclusion

The trial court did not enter a default judgment against Ansari, and Ansari's due process rights were not violated when she was not transported from jail to attend the summary judgment hearing. We therefore affirm the trial court's judgment in favor of BONYM.

Affirmed.

Vaidik, C.J., and Pyle, J., concur.