

**FILED**

Aug 08 2018, 9:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Preeti (Nita) Gupta
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Kevin B. Connor
Dykema Gossett PLLC
Chicago, Illinois

IN THE
# COURT OF APPEALS OF INDIANA

Lisa M. El,

*Appellant-Defendant,*

v.

Nationstar Mortgage LLC,

*Appellee-Plaintiff.*

August 8, 2018

Court of Appeals Case No.
18A-MF-338

Appeal from the
Marion Superior Court

The Honorable
James B. Osborn, Judge

Trial Court Cause No.
49D14-1706-MF-22897

**Kirsch, Judge.**

[1] In this residential mortgage foreclosure action, Nationstar Mortgage LLC ("Nationstar") sought to foreclose a mortgage that it held on real property mortgaged by property owner Lisa M. El ("El"). After El failed to appear for a settlement conference that she had requested, Nationstar sought and obtained summary judgment against El, and the trial court entered an *in rem* foreclosure judgment in favor of Nationstar. El thereafter filed a motion requesting another

settlement conference, which the trial court denied. El now appeals and raises the following restated issue: whether the trial court abused its discretion when it denied El's motion asking for a second settlement conference.

We affirm.

## Facts and Procedural History

On June 8, 2017, Nationstar filed an *In Rem* Complaint on Promissory Note and to Foreclose Mortgage, seeking to foreclose a mortgage secured by real property in Camby, Indiana and naming El as a defendant. *Appellee's App. Vol. II* at 4. El was served with the complaint and summons, and the summons, among other things, stated:

> You may be entitled to a settlement conference that will allow you to speak with your mortgage company and discuss alternatives to foreclosure. If you want a settlement conference, you must request it with the court within 30 days after you received this summons and Complaint.

*Id.* at 2. El also received with the complaint and summons a document notifying her that she "may be entitled to a court-ordered settlement conference with her lender to negotiate an agreement that could allow her to avoid foreclosure." *Id.* at 53. It instructed her that she needed to notify the trial court of her desire for a settlement conference, and it provided El with options as to how to do so. The document also told her:

> You have the right to be represented by an attorney or assisted by a mortgage foreclosure counselor, either in person or by

telephone, at the settlement conference. If you need a mortgage foreclosure counselor or an attorney contact the Indiana Foreclosure Prevention Network at 1-877-Get-Hope (1-877-438-4673), or www.877GetHope.org at least two (2) weeks prior to your settlement conference. The IFPN is a free, confidential service meant to assist homeowners like you.

*Id*.

[4] On July 14, 2017, El appeared, pro se, and filed a handwritten answer and a handwritten request for settlement conference. *Id*. at 56-58. On July 21, the trial court granted her request, issuing a Notice and Order for Settlement Conference, which stated that the matter was set for a settlement conference on for September 14, 2017. *Id*. at 60-63. The trial court's notice for the settlement conference ("Notice") ordered El and Nationstar to appear in person and, if represented, with counsel. It directed Nationstar to bring specified payment records for the mortgage, and with regard to documentation, it directed El as follows:

> (2) The Defendant must bring to the Settlement Conference and provide a copy to the Plaintiffs attorney no later than 30 days in advance of the Settlement Conference, the following documents needed to engage in good faith negotiations with the creditor:
>
> a. Documentation of Defendant's present and projected future income, expenses, assets and liabilities, including pay stubs, bank statements, utility bills, tax returns.
>
> b. The Defendant is encouraged to contact a mortgage foreclosure counselor, immediately. A mortgage foreclosure counselor and/or an attorney may be able to assist with this

process and the presentation of the proper documentation at the Settlement Conference. (A list of counselors is attached.)

*Id*. at 60-61.

[5] Nationstar appeared by counsel at the September 14 settlement conference, and El did not appear. The trial court entered a minute sheet noting that El failed to appear, that El did not submit to Nationstar the documents required by the Notice and Order for Settlement Conference, and that Nationstar could proceed with its foreclosure. *Appellant's App. Vol. II* at 10. On November 6, 2017, Nationstar filed a Motion for *In Rem* Summary and Default Judgment, and El did not file a response. *Appellee's App. Vol. II* at 64-84. On December 12, 2017, the trial court granted Nationstar's motion and issued an Entry of *In Rem* Summary and Default Judgment and Decree of Foreclosure. *Id*. at 85-91.

[6] On February 5, 2018, counsel for El filed an appearance and a Motion for Settlement Conference. *Appellant's App. Vol. II* at 11. El's Motion acknowledged that a prior settlement conference had been held, but she asked the trial court to "re-schedule the statutory settlement conference" because she had applied for housing assistance as she had been told to do, but she "was not aware of what additional documents were required by [Nationstar]" and "was misinformed as to the Settlement Conference proceedings." *Id.*; *Appellee's App. Vol. II* at 92-93. On February 7, 2018, the trial court issued an order summarily denying El's request for a rescheduled settlement conference and stating, "Case has already been resolved." *Appellant's App. Vol. II* at 9. El now appeals.

## Discussion and Decision

[7] "In response to the mortgage foreclosure crisis, the Indiana legislature passed Indiana Code chapter 32-30-10.5 to 'avoid unnecessary foreclosures' and facilitate 'the modification of residential mortgages in appropriate circumstances.'" *Nationstar Mortg., LLC v. Curatolo,* 990 N.E.2d 491, 493 (Ind. Ct. App. 2013) (citing Ind. Code § 32-30-10.5-1(b)). Under this chapter, a creditor must notify a debtor of his or her right to participate in a settlement conference, and the debtor is given thirty days to notify the court of his or her intent to participate in such a conference. *Id.* at 494 (citing Ind. Code § 32-30-10.5-8(c)). Here, El does not dispute that, at her request, the trial court scheduled and held a settlement conference, which she did not attend. Her claim is that "[t]he trial court should not have denied a second request for a settlement conference under Indiana Code section 32-30-10.5-10[.]" *Appellant's Br*. at 5.

[8] Indiana Code 32-30-10.5-10 ("Section 10"), addressing foreclosure settlement conferences, requires a trial court to issue a notice of a settlement conference if the debtor contacts the court to schedule a settlement conference. Ind. Code § 32-30-10.5-10(a). The conference must be held in a specified timeframe, and the trial court's notice to the debtor must "[e]ncourage the debtor to contact a mortgage foreclosure counselor before the date of the settlement conference." Ind. Code § 32-30-10.5-10(a)(2). Section 10 outlines a number of things that must be included in the trial court's notice of the settlement conference; for instance, it must inform the parties where the settlement conference will be

held, and it requires that an attorney for the creditor attend the settlement conference. Ind. Code § 32-30-10.5-10(b). The notice must advise the debtor to provide, within a certain time frame, the debtor's loss mitigation package[1] to the creditor's attorney and to the trial court. Ind. Code § 32-30-10.5-10(a)(3)(A). The notice must also advise the debtor to bring specified documents to the settlement conference:

> (B) Bring the following to the settlement conference:
>
>> (i) In the case of a foreclosure action filed after June 30, 2009, but before July 1, 2011, documents needed to engage in good faith negotiations with the creditor, including documentation of the debtor's present and projected future income, expenses, assets, and liabilities (including documentation of the debtor's employment history), and any other documentation or information that the court determines is needed for the debtor to engage in good faith negotiations with the creditor. The court shall identify any documents required under this item with enough specificity to allow the debtor to obtain the documents before the scheduled settlement conference.
>
>> (ii) In the case of a foreclosure action filed after June 30, 2011, the debtor's loss mitigation package.

---

[1] A "loss mitigation package" is a set of documents that "provide information about a debtor's present and projected future income, expenses, assets, and liabilities." Ind. Code § 32-30-10.5-4.7(2).

> Any document submitted to the court under this subdivision as part of the debtor's loss mitigation package is confidential under IC 5-14-3-4(a)(13).

Ind. Code § 32-30-10.5-10(a)(3)(B). As it does for the debtor, the notice must advise the creditor to do certain things and bring certain documents to the settlement conference. Ind. Code § 32-30-10.5-10(a)(4).

[9] El's claim on appeal is that the trial court "should not have denied a second request for a settlement conference" because "[Section 10] does not preclude debtors from obtaining a second settlement conference." *Appellant's Br*. at 5. Her position – that the statute "does not preclude" a second conference – is only partially correct. The statute contemplates the possibility of an additional conference as follows:

> [F]or cause shown, the court *may order* the creditor and the debtor *to reconvene a settlement conference at any time before judgment is entered*.

Ind. Code § 32-30-10.5-10(b) (emphasis added). The statute's plain language provides that, in certain circumstances, the trial court "may order" the parties to reconvene a settlement conference, and, accordingly, we review El's claim for an abuse of discretion. An abuse of discretion occurs where the trial court's decision is against the logic and effect of the facts and circumstances before it. *Elliott v. Dyck O'Neal, Inc.*, 46 N.E.3d 448, 457 (Ind. Ct. App. 2015), *trans. denied*

[10] Here, El filed her Motion for Settlement Conference on February 5, 2018, which was approximately two months after the trial court entered its December

12, 2017 judgment in favor of Nationstar.  Section 10 grants the trial court discretion to "reconvene" the settlement conference, for cause, "at any time before judgment is entered."  Ind. Code § 32-30-10.5-10(b).  El's motion was filed subsequent to judgment being entered.  Accordingly, under the facts of this case, the trial court did not have discretion to reconvene the settlement conference.  Indeed, as the trial court stated, the "[c]ase ha[d] already been resolved."  *Appellant's App. Vol. II* at 9.

[11]    Additionally, even if the timing had been such that trial court still possessed the discretion to order the parties to reconvene, we find that El has not shown "cause" that would entitle her to a reconvened conference.  Her motion did not claim that she was not served or did not know about the September 14 settlement conference or otherwise seek to set aside the foreclosure judgment for some reason.  Rather, she acknowledged that a prior conference had been held and asked the trial court to "re-schedule the statutory settlement conference" because she had applied for housing assistance as she had been told to do, but she "was not aware of what additional documents were required by [Nationstar]" and "was misinformed as to the Settlement Conference proceedings."  *Appellee's App. Vol. II* at 92-93.

[12]    However, pursuant to Section 10's requirements, the trial court's Notice advised El of the date and location of the settlement conference and, with regard to her claim that she did not know what documents Nationstar needed from her, the Notice identified documents that she was required to bring to the conference, including documentation of her present and projected future

income, expenses, assets and liabilities, pay stubs, bank statements, utility bills, and tax returns. *Appellee's App. Vol. II* at 60-61. It also encouraged El to contact a mortgage foreclosure counselor or attorney immediately, noting that those individuals might be able to assist with the presentation of the proper documentation at the settlement conference. *Id*. The Notice included a list with possible counseling agencies and pro bono legal services. *Id*. at 63. Based on Section 10, as well as the facts of the case, we find no abuse of discretion in the trial court's decision to deny El's February 5, 2018 Motion for Settlement Conference.

[13] Affirmed.

Baker, J., and Bradford, J., concur.