## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 19 2018, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Preeti Gupta
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jennifer L. Snook
Marinosci Law Group, PC
Valparaiso, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donna G. Dowell,<br>*Appellant-Defendant,*<br><br>v.<br><br>U.S. Bank, National Association,<br>*Appellee-Plaintiff.* | November 19, 2018<br><br>Court of Appeals Case No.<br>18A-MF-832<br><br>Appeal from the Wayne Superior Court<br><br>The Honorable Gregory A. Horn, Judge<br><br>Trial Court Cause No.<br>89D02-1510-MF-159 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Donna G. Dowell (Dowell), appeals the trial court's summary judgment in favor of Appellee-Plaintiff, U.S. Bank, National Association (U.S. Bank), on U.S. Bank's Complaint, seeking foreclosure on Dowell's property.

We affirm.

# ISSUE

Dowell presents us with one issue on appeal, which we restate as: Whether the trial court erred in granting summary judgment to U.S. Bank on its request for foreclosure on Dowell's property.

# FACTS AND PROCEDURAL HISTORY

Dowell is the owner of the property commonly known as 422 West Drive, Richmond, Indiana. On December 7, 2011, Dowell and her husband, James Russell Dowell,[1] executed two promissory notes. The first note promised to pay U.S. Bank the amount of $37,000; while the second note promised to pay U.S. Bank the amount of $50,500. Each note was secured by a mortgage on the property in favor of U.S. Bank. Both mortgages were recorded with the Wayne County Recorder's Office on December 27, 2011. Although Dowell initially

---

[1] Dowell's husband passed away in 2012.

made the required payments under the terms of the instruments, eventually a payment default occurred.

[5] On October 22, 2015, U.S. Bank filed its Complaint seeking to foreclose on the two notes and mortgages held on the property. On June 23, 2016, the trial court entered a default judgment against Dowell and in favor of U.S. Bank. Subsequent to the entry of the default judgment, Dowell, by counsel, appeared in the cause and filed a motion to set aside the sheriff's sale set for September 21, 2016. The trial court denied the motion. On September 7, 2016, Dowell filed a motion to vacate the default judgment. On June 26, 2017, the trial court vacated its previously entered default judgment. On September 25, 2017, U.S. Bank filed its motion for summary judgment, together with a memorandum of law and designation of evidence, as well as a decree of foreclosure. On November 13, 2017, Dowell filed her memorandum in opposition to U.S. Bank's motion for summary judgment, together with a designation of evidence. On January 3, 2018, U.S. Bank filed a reply, with a supplemental designation of evidence. On March 27, 2018, following a hearing, the trial court entered summary judgment in favor of U.S. Bank.

[6] Dowell now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[7] In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to

affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* at 608. A fact is 'material' for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action; a factual issue is 'genuine' if the trier of fact is required to resolve an opposing party's different version of the underlying facts. *Ind. Farmers Mut. Ins. Group v. Blaskie*, 727 N.E.2d 13, 15 (Ind. 2000). The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *First Farmers Bank & Trust Co.*, 891 N.E.2d at 607.

[8] We observe that, in the present case, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id.*

## II. *Analysis*

[9] Pursuant to Indiana Code section 32-30-10-3(a), "if a mortgagor defaults in the performance of any condition contained in a mortgage, the mortgagee or the mortgagee's assign may proceed in the circuit court, superior court, or the

probate court of the county where the real estate is located to foreclose the equity of redemption contained in the mortgage." To establish a *prima facie* case that it is entitled to foreclose upon the mortgage, the mortgagee or its assign must enter into evidence the demand note and the mortgage, and must prove the mortgagor's default. *Creech v. LaPorte Prod. Credit Ass'n*, 419 N.E.2d 1008, 1012 (Ind. Ct. App. 1981). Once the mortgagee establishes its *prima facie* case, the burden shifts to the mortgagor to show that the note has been paid in full or to establish any other defenses to the foreclosure. *Id*.

[10] U.S. Bank designated evidence establishing Dowell's default on both notes and mortgages. While not disputing U.S. Bank's possession of the negotiable instruments and her own non-payment thereon, Dowell designated a self-serving affidavit affirming that she entered into a contract modification with U.S. Bank in 2017 and made two periodic payments in accordance with the provisions of the modification.

[11] However, our review of the designated evidence reflects that what Dowell characterizes to be a contract modification, was in fact a "Repayment Plan Agreement" executed in the context of a loss mitigation program for the second mortgage only. Even though she applied for a similar Agreement with respect to the first mortgage, Dowell's application was rejected. The purpose of the Repayment Plan Agreement was to give Dowell "additional time to repay amounts due on the account by making supplemental payments in addition to the regular monthly payments" on her second mortgage. (Appellee's App. Vol. II, p. 80). Accordingly, pursuant to the terms of the Agreement, Dowell was

instructed to "make the supplemental payment of $403.44 in addition to the monthly payment as reflected on the monthly billing statement[.]" (Appellee's App. Vol. II, p. 80). Dowell was advised that by accepting the Repayment Plan Agreement "all terms and provisions of [her] current mortgage note and mortgage security instrument remain[ed] in full force and effect and [she] will comply with those terms; and that nothing in the [R]epayment [P]lan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents." (Appellee's App. Vol. II, p. 83). While the evidence reflects that Dowell attempted to make two supplemental payments under the provisions of the Repayment Plan Agreement, U.S. Bank did not accept those payments. Dowell acknowledges that she did not make any monthly payments. As a consequence of Dowell's failure to abide by the terms of the Repayment Plan Agreement, U.S. Bank ceased its loss mitigation efforts and proceeded with its foreclosure on the property.

[12] As there is no genuine issue of material fact that Dowell failed to perform her obligations under the terms of the note for the first mortgage and under the terms of the loss mitigation for the second mortgage, we conclude that the trial court properly granted summary judgment to U.S. Bank.

## CONCLUSION

[13] Based on the foregoing, we hold that the trial court properly issued summary judgment to U.S. Bank on its request for foreclosure on Dowell's property.

[14] Affirmed.

Vaidik, C. J. and Kirsch, J. concur